In the Matter of the Claim of MARY G. FOGARTY against NATIONAL BISCUIT COMPANY et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — death of night watchman employed by corporation engaged in hazardous occupation — when widow of deceased watchman entitled to compensation although there is no evidence showing how death of watchman was caused.**

1. A night watchman employed by a corporation engaged in a business designated as "hazardous" under the Workmen's Compensation Law (Cons. Laws, ch. 67, § 2, group 34) to patrol its buildings at night, is within the law, and where the body of such

watchman, who had begun his duties for the night, was found, about midnight, at the bottom of the well under the staircase in one of the buildings, his widow is entitled to compensation and the award of the state industrial commission should be sustained.

2. Under the provisions of the Compensation Law (§§ 21, 68), relating to rules of evidence and presumptions, and the liberal construction which has been placed thereon by this court for the purposes of carrying into effect the intention of the legislature, there was evidence in the record presented to the commission sufficient to justify the findings made by the commission.

*Matter of Fogarty* v. *Nat. Biscuit Co.*, 175 App. Div. 729, reversed.

(Argued April 19, 1917; decided May 8, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1916, reversing an award of the state industrial commission made under the Workmen's Compensation Law and dismissing the claim of the petitioner.

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for appellant. The occupation of the claimant's intestate was a hazardous occupation specified in the Workmen's Compensation Act. (*Larsen* v. *Paine Drug Co.*, 218 N. Y. 252; *Sorge* v. *Aldebaran Co.*, 218 N. Y. 636; *White* v. *N. Y. C. R. R. Co.*, 216 N. Y. 653; *Walther* v. *American Paper Co.*, 98 Atl. Rep. 264; *Western Metal Supply Co.* v. *Pillsbury*, 156 Pac. Rep. 496; *Western G. S. P. Co.* v. *Pillsbury*, 159 Pac. Rep. 423; *Matter of Sundine*, 218 Mass. 1; *Blovelt* v. *Sawyer*, 6 B. W. C. C. 16; *Carinduff* v. *Gilmore*, 7 B. W. C. C. 981; *North Carolina R. Co.* v. *Zachary*, 232 U. S. 248.) The death of the claimant's intestate was the result of an accident arising out of and in the course of his employment. (Cons. Laws, ch. 67, § 21.)

*Bertrand L. Pettigrew* and *Walter L. Glenney* for respondents. The occupation of the claimant's intestate was not a dangerous one covered by the Workmen's Com-

pensation Law. (*Newman* v. *Newman,* 218 N. Y. 325; *Bargey* v. *Massaro Macaroni Co.,* 218 N. Y. 410; *Matter of Gleisner* v. *Gross & Herbener,* 170 App. Div. 37; *Stickles* v. *Ballston R. S. Co.,* 171 App. Div. 108; *Mandle* v. *Steinhardt & Bro.,* 173 App. Div. 515; *Aylesworth* v. *Phœnix Cheese Co.,* 170 App. Div. 54; *Lyon* v. *Windsor,* 159 N. Y. Supp. 162.) The award is not sustained by testimony establishing that the death of the claimant's intestate was the result of an accident arising out of and in the course of his employment. (*Collins* v. *B. U. Gas Co.,* 171 App. Div. 381.)

HOGAN, J. The defendant National Biscuit Company is engaged in the bakery business, designated as "hazardous" under the Workmen's Compensation Law (L. 1914, ch. 41; Cons. Laws, ch. 67), section 2, group 34.

William Fogarty was employed by the biscuit company as a night watchman. As such his principal duty was to patrol the buildings every hour, passing through every department and ring up the clocks, thirty-five in number.

October 2d, 1915, soon after midnight, the body of Mr. Fogarty was found at the bottom of the well under the stairway in one of the buildings of the company. Application was thereafter made by his widow to the industrial commission for compensation under the Workmen's Compensation Law, and after a hearing had the commission made an award. Upon appeal therefrom by the company and insurance carrier, the Appellate Division, by a divided court, held in effect "The position of night watchman is not a hazardous employment and performing the duties of that position, Fogarty was not exposed to the dangers of the bakery business which is a hazardous occupation," reversed the award and dismissed the claim. This court has given a more liberal construction to the Compensation Law, and held that "where * * * an employee is injured while performing an act

which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed." (*Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252, 256.) The principle has been extended to cover injuries to night watchmen. (*Matter of White* v. *N. Y. C. & H. R. R. R. Co.*, 216 N. Y. 653; affirmed in United States Supreme Court, 243 U. S. 188; *Matter of Sorge* v. *Aldebaran Company*, 218 N. Y. 636.) The deceased was, therefore, within the Compensation Law.

Counsel for respondent urges that the award made was not sustained by testimony establishing that the death of Mr. Fogarty was the result of an accident arising out of and in the course of his employment; that there were no eye-witnesses to the accident and the stairs and handrail thereon were intact; that the deceased might have had an attack of vertigo and fallen downstairs or he might have died from heart disease.

In cases before the industrial commission the standard prevailing in negligence actions is not to be applied. As was stated in *Matter of Petrie* (215 N. Y. 335, 338): "The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to workmen who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of

what was regarded by the legislature as a wise public policy concerning injured employees."

In connection with the language above quoted certain provisions of the Compensation Law are material.

Section 68 provides: "Technical rules of evidence or procedure not required.— The commission or a commissioner or deputy commissioner in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties."

Section 21 provides: "Presumptions.— In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary: 1. That the claim comes within the provisions of this chapter; 2. That sufficient notice thereof was given; 3. That the injury was not occasioned by the wilful intention of the injured employee to bring about the injury or death of himself or of another; 4. That the injury did not result solely from the intoxication of the injured employee while on duty."

In the *Sorge* case, as in the case at bar, there were no eye witnesses to the accident. The body of Mr. Fogarty was found at the bottom of a well under a stairway. Sorge was found unconscious in the cellar of a building, or, as his declarations testified to indicated, he had fallen upon a sidewalk.

The record in the *Sorge* case was made up of the formal proof of death by the widow, the first report of injury by the employer, proof of death by the employer and the form entitled "Proof of death by Eye-witness" together with the coroner's inquisition, and some evidence attached to the same, and the evidence of a hospital physician, all of which tended clearly to show more or less speculation as to the manner in which Sorge was injured and some

conflict as to the cause of his death, together with decla-
rations made by him in his conscious moments as to the
manner in which he fell.    In the case at bar the record
consists of the same form of notices by the employer, the
first notice, the second notice, the verified report made by
the manager of the company, the evidence of the superin-
tendent of the company.    The claimant appeared before
the commission and was inquired of with reference to
the nature of the work performed by her husband, etc.
She also stated what she had heard of the manner in
which her husband was injured.    The proofs in the case
under consideration were fully as favorable to the claim-
ant as the proofs in the *Sorge* case, which was affirmed
by this court.    The hearsay statement of the claimant
was not broader than a like statement in the *Sorge* case,
and is not affected by the case of *Matter of Carroll* v.
*Knickerbocker Ice Co.* (218 N. Y. 435), especially as no
substantial evidence was offered in this case to overcome
the presumption of fact that the death of Mr. Fogarty
was the result of an accident.

It is unnecessary to call attention to the liberal rule pre-
vailing in negligence actions where a recovery is sought
when death has resulted and eye-witnesses to the accident
cannot be produced.    Under the liberal construction
which has been placed upon the Compensation Law by
this court for the purpose of carrying into effect the inten-
tion of the legislature in the enactment of said law, we
conclude that there was evidence in the record presented
to the commission sufficient to justify the findings made
by the commission.

The order of the Appellate Division reversing the award
made and dismissing the claim should be reversed, with
costs to the state industrial commission in the Appellate
Division and this court, and award affirmed.

CHASE, CARDOZO, POUND and ANDREWS, JJ., concur;
HISCOCK, Ch. J., and McLAUGHLIN, J., dissent.

Order reversed, etc.