In the Matter of the Claim of CHARLES McNALLY, Appellant, *v.* THE DIAMOND MILLS PAPER COMPANY et al., Respondents.

**Workmen's Compensation Law — injury to contractor after completion of his contract and while employed at day's labor in helping install machinery in a paper mill — claimant entitled to an award as an employee of an employer engaged in a hazardous occupation.**

Where claimant, who had contracted to move an engine from a railroad station to a paper mill, remained, after his contract had been completed, at the request of the officers of the paper mill company, to assist in the work of installing the engine under the direction of an engineer sent by the manufacturers of the engine to superintend its installation, claimant's services to be paid for by day's labor, he was an employee — although temporary — of the company which was engaged in a hazardous business under the statute (Workmen's Compensation Law, Cons. Laws, ch. 67, § 2, group 15), and, hence, claimant is entitled to an award for permanent injuries received while

engaged in such employment. The fact that he brought two of his own men with him for whose services the company paid is immaterial, since he did not undertake, or contract, to accomplish a specific job in his own way but undertook, only, to help and obey. (*Matter of Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410, distinguished; *Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252, followed.) .

*Matter of McNally* v. *Diamond Mills Paper Co.*, 178 App. Div. 342, reversed.

(Argued February 27, 1918; decided March 12, 1918.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 8, 1917, reversing an award of the state industrial commission made under the Workmen's Compenpensation Law and dismissing the claim.

The facts, so far as material, are stated in the opinion.

*Frederick E. W. Darrow* for appellant. The commission having found as a fact that McNally was employed by the Diamond Mills Paper Company as a laborer and there being evidence to sustain that finding it is conclusive. (*Matter of Fogarty* v. *Nat. Biscuit Co.*, 221 N. Y. 20; *Matter of Peake* v. *Lakin*, 162 N. Y. Supp. 1135; *Matter of Hert* v. *Ruppert*, 218 N. Y. 148; *Matter of Post* v. *Burger*, 216 N. Y. 544; *Matter of N. Y. C. R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Matter of Glatzl* v. *Stumpf*, 220 N. Y. 71; *Matter of Mulford* v. *Pettit & Sons*, 220 N. Y. 71; *Matter of Greib* v. *Hammerle*, 222 N. Y. 382.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for State Industrial Commission. The installing of additional machinery was a part of the business of paper making. (*Larsen* v. *Paine Drug Co.*, 218 N. Y. 252; *Mulford* v. *Pettit & Sons*, 220 N. Y. 540; *Blythe* v. *Sewell*, 2 B. W. C. C. 476; *Johnston* v. *M. G. Store Co.*, 2 B. W. C. C. 183; *Cotter* v. *Johnson*, 5 B. W. C. C. 568; *Tombs* v. *Bomford*, 5 B. W. C. C. 338.)

*Francis J. MacIntyre* and *Maurice J. O'Callaghan* for respondents.   The Diamond Mills Paper Company was not the employer of Charles McNally at the time of the injury under the meaning of the Workmen's Compensation Law.   (*Bargey* v. *Massaro Macaroni Co.*, 170 App. Div. 103; 218 N. Y. 410.)

CARDOZO, J.   In 1914 the Diamond Mills Paper Company had a plant at Saugerties, New York.   It needed another engine, and bought one from the Erie City Iron Works.   The manufacturer agreed to furnish an engineer " to superintend installation."   Charles McNally, the claimant, undertook to move the engine from the railroad to the plant for $225.   After that contract had been fully performed, he was asked by one of the officers of the paper mill to assist in the work of installation.   He was to be paid by day's labor.   He brought with him two of his own hired men, and his own blocking, rigging and jacks.   Two of the permanent employees of the mill, and two others hired for the job, worked with him.   In charge of them all was the engineer. In the course of the work the claimant hurt his arm. The industrial commission made an award.   The Appellate Division reversed, and dismissed the claim.

We think there is evidence to sustain the finding that the claimant when injured was an employee, and not an independent contractor.   That he was a contractor while engaged in transporting the engine from the railroad to the mill may be conceded.   But when that contract had been performed, he assumed a new relation.   He was then employed by the day to work as a laborer with others.   He was not in control of the job; he had no power of superintendence or direction; he had no other rank than the regular employees of the mill who were with him; he took his orders from the engineer whom the mill had placed in charge.   In this situation, the distinctive.

tokens of the independent contractor are lacking. The claimant for the purposes of this job was an employee, and nothing more. What he may have been at other times and for other purposes does not concern us. It is true that his employment was temporary and casual, but that is not enough to exclude him from the protection of the statute (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273). It is true also that he brought two of his own men with him; but he made no profit from their labor. His position was like that of the claimant in *Thompson* v. *Twiss* (90 Conn. 444, 448, 449), where compensation was awarded. There are other cases of like tenor (*Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich. 385; *Matter of Peake* v. *Lakin*, 221 N. Y. 496; *Woods* v. *Tupper Lake Chemical Co.*, 221 N. Y. 660). McNally did not undertake to accomplish a specific job in his own way. He did not undertake to accomplish anything. He undertook to help and to obey.

The Appellate Division assumed that the claimant was an employee, but held that the award was condemned by our decision in *Matter of Bargey* v. *Massaro Macaroni Co.* (218 N. Y. 410). The accident occurred before the amendment of the statute in 1916 (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401). The business of the Diamond Mills Paper Company was the manufacture of paper, which under group 15 of section 2 of the act is a hazardous employment (Workmen's Comp. Law, § 2). In the view of the Appellate Division, the claimant, though an employee, did not come within the statute because the risks which he incurred were not the risks of the employer's business. We think, however, that they were, and that the *Bargey* case has been misread. There a corporation engaged in the manufacture of macaroni used part of a building as a factory, and leased part as a saloon (170 App. Div. 103, 104). It employed a carpenter to put a partition in the saloon, and this work

was held to have no relation to the hazardous employment. In those circumstances, our ruling was that the carpenter was not an employee within the intendment of the statute (218 N. Y. 410, 413). We have a different situation here. This mill was a going concern; to run it to its full capacity there was need of new machinery; and the installation of another engine was incidental to its continued operation. The men who were doing this work were not improving some building belonging to their employer, but unrelated to the business. They were furthering the business itself. The claimant's position was like that of the clerk in *Matter of Larsen* v. *Paine Drug Co.* (218 N. Y. 252). There the employer was a manufacturer of drugs. The accident came to Larsen while building a shelf. We said that what he was doing was fairly incidental to the business, and declined to condition relief upon the presence of " the characteristic process or operation " which caused the business to be grouped as hazardous (*Matter of Mulford* v. *Pettit & Sons,* 220 N. Y. 540; *Matter of Fogarty* v. *Nat. Biscuit Co.,* 221 N. Y. 20; *Matter of Dose* v. *Moehle Lithographic Co., supra*).

The order of the Appellate Division should be reversed, and the award affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur.

Order reversed, etc.