In the Matter of the Claim of PHILIP FRIONA, Appellant, against JACOB WENDLING and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1930.

*Tuttle, Rice & Stockwell* [*Glenn A. Stockwell* of counsel], for the appellant.

*Frank L. Ward* [*Harry E. Wareham* of counsel], for the respondents.

PER CURIAM. Claimant has been denied an award on the ground that he was an independent contractor. Claimant and his brother were engaged in the trucking business in the name of Friona Bros. They owned five trucks. Each originally drove a truck and they hired men to drive the other trucks. Jacob Wendling, the alleged employer, was a contractor building a concrete road. He was not equipped to do his own trucking and employed Friona Bros. to use their trucks. They were paid by the batch, sixty-five cents a batch, and there were three batches in each truck. These payments were made directly to Friona Bros., who paid the drivers. They had been doing the work for a week or ten days before the accident. The circumstances tend to show that during that period the claimant and his brother were acting as independent contractors.

On the morning of the accident it was raining so that the regular work of mixing and spreading concrete could not be done. Claimant and one of his drivers came to work. Claimant was told by Wendling that the regular work was not to be done but he wanted some special gravel drawn for a bridge and he would pay him two dollars and fifty cents an hour to draw it. He told claimant where to get it and where to dump it. Claimant agreed to do the work

and went to the place designated, taking his other driver with him on claimant's truck. Upon their return they found a concrete mixer so located that it had to be moved in order to place the gravel where he was instructed to place it. Wendling said to claimant that his operator on the mixer had gone home and directed claimant to move it and put the gravel right there. Claimant was injured while cranking the engine of the mixer. We think that claimant assumed a new relation on the day of the accident and became, for the time being, the employee of Wendling. (*Matter of McNally* v. *Diamond Mills Paper Co.*, 223 N. Y. 83; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215.) At the time of the accident he was doing the work of Wendling under the latter's control and special direction and was injured in so doing.

The decision should be reversed and the claim remitted, with costs to claimant against the employer and carrier to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Decision reversed and claim remitted to the State Industrial Board, with costs to the claimant against the employer and the insurance carrier to abide the event.