In the Matter of the Claim of BRIDGET CARROLL, Respondent, against KNICKERBOCKER ICE COMPANY, Appellant.

STATE   WORKMEN'S   COMPENSATION   COMMISSION, Respondent.

Workmen's Compensation Act — construction of section 68 thereof — evidence — when hearsay evidence of statements by deceased workman insufficient to sustain finding awarding damages to widow of decedent.

1. Section 68 of the Workmen's Compensation Act (L. 1914, ch. 41) may be taken to mean that while the commission's inquiry is not limited by the common law or statutory rules of evidence or by technical or formal rules of procedure and it may, in its discretion, accept any evidence that is offered, still in the end there must be a residuum of legal evidence to support the claim before an award can be made. There must be in the record some evidence of a sound, competent and recognizedly probative character to sustain the findings and award made, else the findings and award must in fairness be set aside by the court.

2. The decedent was employed by an ice company as driver on an ice wagon, and the claim is that he suffered an injury while delivering ice. The commission made certain findings of fact upon which it based an award to the claimant. One of such findings of fact is that while decedent was putting ice in a cellar, the ice tongs slipped and a cake of ice fell upon him, striking him in the abdomen, causing an epigastric hemorrhage and a rigidity of the abdomen. He was taken to a hospital and there developed delirium tremens and died shortly after. A helper on the ice wagon and two other witnesses testified before the commission that they were present

at the time and place when it was alleged the plaintiff was injured, and that they did not see any accident whatsoever happen to him, and that they did not see any cake of ice fall. The physicians who subsequently examined the decedent testified that there were no bruises, discolorations or abrasions on the surface of his body. The finding of the commission is based solely on the testimony of witnesses who related what Carroll told them as to how he was injured. *Held*, that while technical rules of evidence or procedure are not required under section 68 and the section has changed the rule of evidence in all cases affected by the act, an award cannot be sustained which is dependent altogether on hearsay testimony where the presumption created by section 21 of the statute is overcome by substantial evidence.

*Matter of Carroll* v. *Knickerbocker Ice Co.*, 169 App. Div. 450, reversed.

(Argued April 12, 1916; decided July 11, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 9, 1915, affirming an award of the workmen's compensation commission.

The following question was certified: "Upon the record is the claimant entitled to an award?"

The facts, so far as material, are stated in the opinion.

*Frederick M. Thompson, David G. McConnell* and *Frank R. Savidge* for appellant. Under section 23 of the Compensation Act establishing the right of appeal to the courts on questions of law, all questions of law must be reviewed, including the question of whether there is sufficient evidence to sustain a finding of fact. The courts in deciding this question must apply some test or standard to the evidence before the commission, and notwithstanding that the commission is not bound by the rules of evidence, cannot declare any form of proof adequate or sufficient which is rejected as insufficient by rules of evidence to which all courts have held from time immemorial and have invariably declared to be founded upon the wisdom and experience of the ages; it follows that no court can declare hearsay alone to be competent and sufficient

proof of a fact. (*Plass* v. *C. N. E. R. R. Co.*, 169 App.
Div. 826; *Kingsley* v. *Donovan*, 169 App. Div. 828;
1 Jardin's Cr. Tr. 429, 430; Gilbert on Evidence [2d ed.],
152, 153; *Warren* v. *Nichols*, 47 Mass. 264; *Butler* v.
*Flanders*, 12 J. & S. 531; *Engelbretson* v. *Industrial
Accident Comm.*, 151 Pac. Rep. 421; *Employers' Assur-
ance Corp.* v. *Industrial Accident Commission*, 151 Pac.
Rep. 423.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken*
of counsel), for respondent. There was legal evidence of
an accidental injury. (*Zappala* v. *Industrial Ins. Co.*,
144 Pac. Rep. 54; *Poccardi* v. *P. S. Comm.*, 84 S. E.
Rep. 242; *Fenton* v. *Thorley*, 5 B. W. C. C. 1; *Trodden*
v. *McLennard & Sons*, 4 B. W. C. C. 190; *Groves* v.
*Burroughes & Watts*, 4 B. W. C. C. 185; *Clover, Clayton
& Co.* v. *Hughes*, 3 B. W. C. C. 275; *Aitken* v. *Finlay-
son, Bonsfield & Co.*, 7 B. W. C. C. 918; *Broforst* v.
*Bloomfield*, 6 B. W. C. C. 613; *Doughton* v. *Hickman*, 6
B. W. C. C. 77; *Matter of Brightman*, 220 Mass. 17.)
Under section 68 of the Workmen's Compensation Law
the commission is not bound by common law or statutory
rules of evidence. (*Murne* v. *Illinois*, 94 U. S. 34.) The
specific question of evidence involved is not the general sub-
ject of hearsay testimony, but declarations of a deceased
person, which should be admitted, because otherwise the
benefit of such testimony will be lost. (Wigmore on Evi-
dence, § 7; *Pigeon's Case*, 216 Mass. 51; *Commissioners*
v. *Merchant*, 103 N. Y. 145; *Howard* v. *Moot*, 64 N. Y.
262; *N. Y. C. & H. R. R. R. Co.* v. *Marvin*, 11 N. Y.
276; *Matter of D. & H. Canal Co.*, 69 N. Y. 209; *Mat-
ter of P. P. & C. I. R. R. Co.*, 85 N. Y. 489.)

CUDDEBACK, J. This is an appeal by the Knickerbocker
Ice Company from an order affirming the decision and
award of the workmen's compensation commission in the
matter of the claim of Bridget Carroll for compensation

for the death of her husband, Myles Carroll, which was occasioned as it is alleged by injuries received while he was in the employ of the appellant. The Knickerbocker Ice Company is a self-insurer under the Workmen's Compensation Law. The decedent was employed by the ice company as driver on an ice wagon, and the claim is that he suffered an injury on September 22, 1914, while delivering ice. The commission made certain findings of fact upon which it based an award to the claimant. One of such findings of fact is as follows:

"2. On said date while said Carroll was putting ice in the cellar of a saloon at 20 East Forty-second street, borough of Manhattan, city of New York, the ice tongs slipped and a 300-lb. cake of ice fell upon him, striking him in the abdomen, causing an epigastric hemorrhage and a rigidity of the abdomen. He was taken to a hospital and there developed delirium tremens and died on the 28th day of September, 1914."

Section 21 of the Workmen's Compensation Law (L. 1914, ch. 41) provides that in any proceeding upon a claim for compensation under the law, "it shall be presumed in the absence of substantial evidence to the contrary (1) that the claim comes within the provisions of this chapter," etc. There was in this case substantial evidence to overcome this statutory presumption. A helper on the ice wagon and two cooks employed in the saloon where the ice was delivered, testified before the commission that they were present at the time and place when it was alleged the plaintiff was injured, and that they did not see any accident whatsoever happen to him, and that they did not see any cake of ice fall. The physicians who subsequently examined the decedent testified that there were no bruises, discolorations or abrasions on the surface of his body.

The finding of the commission is based solely on the testimony of witnesses who related what Carroll told them as to how he was injured. Carroll's wife testified that when he came home from his work he told her that

he was putting a 300 pound cake of ice in Daly's cellar and the tongs slipped and the ice came back on him. The physician who was called to treat the injured man at his home, a neighbor who dropped in, and the physicians at the hospital, where he was taken later in the day, testified that he made like statements to them.

The question is presented whether this hearsay testimony is sufficient under the circumstances of the case to sustain the finding of the commission. The decision of the Appellate Division which affirmed the award was not unanimous, and, therefore, there is open in this court the question whether there was any evidence to sustain the finding.

It is a question with text-book writers whether the rules of evidence which exclude hearsay testimony are wise and well founded or not. It is argued by some that though such testimony is not supported by an oath, and is not subject to the test of cross-examination, it is, nevertheless, valuable. There are some jurisdictions in which it has been held that hearsay testimony is admissible (*Insurance Co.* v. *Mosley*, 75 U. S. 397), but the contrary has always been the rule of the courts in this state which have steadfastly resisted any innovation in the rule. (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274.) But we are not concerned here with any abstract question as to the wisdom or lack of wisdom in the law which excludes hearsay testimony.

We have only to consider whether the law of this state excluding such testimony has been changed in cases coming within the Workmen's Compensation Law by section 68 of that law. That section is as follows:

"Section 68. Technical rules of evidence or procedure not required. The commission or a commissioner or deputy commissioner in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided in

this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties."

This section has plainly changed the rule of evidence in all cases affected by the act. It gives the workmen's compensation commission free rein in making its investigations and in conducting its hearings and authorizes it to receive and consider not only hearsay testimony, but any kind of evidence that may throw light on a claim pending before it. The award of the commission cannot be overturned on account of any alleged error in receiving evidence.

This is all true, but, as I read it, section 68 as applied to this case does not make the hearsay testimony offered by the claimant sufficient ground to uphold the award which the commission made. That section does not declare the probative force of any evidence, but it does declare that the aim and end of the investigation by the commission shall be "to ascertain the substantial rights of the parties." No matter what latitude the commission may give to its inquiry, it must result in a determination of the substantial rights of the parties. Otherwise the statute becomes grossly unjust and a means of oppression.

The act may be taken to mean that while the commission's inquiry is not limited by the common law or statutory rules of evidence or by technical or formal rules of procedure, and it may in its discretion accept any evidence that is offered; still in the end there must be a residuum of legal evidence to support the claim before an award can be made. As was said by Justice WOODWARD in his able dissenting opinion at the Appellate Division: "There must be in the record some evidence of a sound, competent and recognizedly probative character to sustain the findings and award made, else the findings and award must in fairness be set aside by (the) court."

It is not necessary to consider in this case the constitutional limitations upon the power of the legislature to

change the rules of evidence.   It is sufficient to say that
the intention of the legislature as revealed in the Work-
men's Compensation Law was not so revolutionary in
character as to declare that an award can be sustained
which is dependent altogether on hearsay testimony where
the presumption created by section 21 of the statute is
overcome by substantial evidence.

The only substantial evidence before the workmen's
compensation commission was to the effect that no cake
of ice slipped and struck the decedent, and there were no
bruises or marks upon his body which indicated that he
had been so injured.   The findings to the contrary rest
solely on the decedent's statement made at a time when
he was confessedly in a highly nervous state, which ended
in his death from delirium tremens.   Such hearsay testi-
mony is no evidence.   (*Matter of Case*, 214 N. Y. 199.)

It is suggested that the hearsay testimony was admis-
sible as part of the *res gestæ;* but, according to the rules
of the courts of this state, the statements of the injured
man in this case were not part of the *res gestæ* but were
simply narratives of an event past and gone.   (*Greener
v. General Electric Co.*, 209 N. Y. 135.)

Since this appeal was taken the workmen's compensa-
tion commission has been superseded by the industrial
commission, but that change does not affect any of the
questions that have been considered.

I recommend that the order appealed from be reversed
and the claim for compensation be dismissed, with costs
against state industrial commission, and that the question
certified to this court be answered in the negative.

Willard Bartlett, Ch. J.   I think that the Work-
men's Compensation Law permits the state industrial
commission to base an award upon hearsay evidence, in
the absence of substantial evidence to the contrary; but
where, as in the present case, the hearsay evidence is
directly contradicted by the testimony of eye-witnesses

to the event, it does not suffice to raise any issue of fact. This view accords with the liberal spirit of the enactment without giving to hearsay evidence a sanction which I cannot believe the legislature intended to give it.

I vote for reversal on the ground stated.

Seabury, J. (dissenting). This case presents the question whether hearsay evidence, which the workmen's compensation commission after examination deem to be credible, may furnish a sufficient basis to sustain an award made by that commission. The award that was made rests upon the declaration of the injured man to his wife and physician and to another witness shortly before his death. These declarations related to the manner in which he sustained the injury from which he subsequently died. The learned Appellate Division has sustained the award. I think the decision which is now the subject of review is correct. To sustain this award does not mean that the commission are obliged to act upon all hearsay evidence that is presented, but only that it may act upon it where the circumstances are such that the evidence offered is deemed by the commission to be trustworthy. The Workmen's Compensation Law is an insurance scheme by which compensation is received for personal injuries or death happening in the course of employment. The fund out of which compensation is paid is created by means of contributions which employers are required to pay. Liability under the law is dependent upon injury in the course of employment, not upon contract or fault. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 519.) It was because liability was not made to depend upon contract or fault that a prior law designed to accomplish a similar purpose was declared unconstitutional by this court on the ground that the liability sought to be imposed was unknown to the common law. (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271, 294.) Since the decision in the *Ives* case, the

Constitution of the state has been amended, and ample power to enact such a law has been conferred upon the legislature. (Art. I, sec. 19, New York Constitution.) In view of this constitutional provision it is unnecessary to determine whether the liability imposed under this law is based upon common-law principles or whether it is based upon principles derived from other systems of jurisprudence. Legislation similar in character seems to have been first successfully applied in Germany. The spirit in which legislation of this character has been applied in Germany is set forth in a pamphlet entitled "The German Workmen's Insurance as a Social Institution," prepared by Dr. Ludwig Lass, imperial government counselor at the imperial insurance office, and compiled and published under the order of that office. In that pamphlet Dr. Lass says: "While the arrangements of the administration and jurisdiction have been made with a view to further social interests, as has been shown above, the question of the interpretation of the workmen's insurance laws has also been settled not only from juridical, but also social points of view, in accordance with the spirit of these laws. In the interpretation of the laws an earnest endeavor is shown, above everything, to give material justice its due, while formal jurisprudence has to stand back. In cases where any legal provision is susceptible of several constructions, that interpretation is preferred, when doubts arise, which corresponds to the intentions of the legislator from the social point of view. There is no anxious clinging to the dead letter; on the contrary, the interpretation is liberal and in keeping with the spirit of the legislation. In this respect, for instance, the interpretation may be mentioned which has been given by Imperial Insurance Office to the words ' accident,' ' work ' and ' industrial accident.' *Further, mention must be made of the fact that in workmen's insurance matters not the same severe standard is applied by the Imperial Insurance Office to proof, as is customary for disputes in*

*common law.*  Thus, proof of probability is often considered sufficient.  This is important, for instance, with deaths the causes whereof are not cleared up.  *If a workman is found dead on the working premises and the cause of his death cannot be ascertained, the claims of his survivors, according to strict law, ought to be declined.  But according to the jurisdiction of the Imperial Insurance Office the claims for compensation are admitted in cases of this kind, if there is a probability — especially ·on account of the position of the body — that the death has been caused by anything belonging to the work.*  A similar view is taken by jurisdiction in the numerous doubtful cases where the accident itself, or the connection between the injury or death of an injured person and the accident, cannot be· sufficiently proved." (page 29.)

I think the passage just quoted is significant as revealing the method of interpretation which must be applied ·if the social benefits which the law was designed to promote are to be substantially realized.  It is in this spirit rather than in a spirit of devotion to common-law methods of proof that the legislature enacted this law.  That this is the case appears from the whole purpose of the legislation and particularly from section 68 of that law.  In that section it is stated that the commissioners in making the " investigation or inquiry or conducting a hearing *shall not be bound by common law or statutory rules of evidence,* * * * but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties."  In this statute we have not only explicit sanction for a departure from common-law methods of proof, but a direct legislative command that the commission " shall not be bound by common law or statutory rules of evidence."  In the face of this legislative provision I think there is no justification for rendering the Workmen's Compensation Law subject by judicial interpretation to the technical common-

law system of evidence. That the common-law classifica-
tion of the rules relating to hearsay evidence is far from
satisfactory is well pointed out in the extract from the
work of Prof. Thayer, which my brother POUND has
quoted in his opinion. The Workmen's Compensation
Law is a new step in the field of social legislation. We
should interpret it in accordance with the spirit which
called it into existence. Our reverence for the traditional
rules of our common-law system should not lead us to
restrict it by subjecting it to the operation of these rules.
This court is under no obligation to see to it that laws
enacted to remedy abuses arising from new industrial and
social conditions shall be made to square with ancient con-
ceptions of the principles of the common law. Indeed, if
the common law had not had woven into it by judicial con-
struction the doctrines of assumption of risk and fellow-
servant, and the doctrine of contributory negligence, it is
doubtful whether the legislation now under consideration
would have been rendered necessary. While judges and
text writers have often made sweeping generalizations con-
demnatory of hearsay evidence, the many "exceptions"
to the rule prohibiting such evidence show that we have
not been able to get along without a frequent resort to
it. In cases of homicide dying declarations as to the
cause of death are received in evidence, and it is quite
within the legislative power to sanction the admission of
evidence of a similar kind in cases arising under the
Workmen's Compensation Law. The difficulty in prov-
ing the cause of death in cases where the person injured
dies as a result of the injury has long been recognized,
and even in ordinary actions based on negligence the
rules requiring proof of freedom from contributory negli-
gence on the part of the deceased are relaxed to some
extent. In the case now under consideration the injured
man was taken from the place where he was working to
his home, and into the presence of his wife and physician.
The wife and physician naturally inquired as to how the

accident happened, and the injured man told them. The evidence of these persons is now the only evidence available which can explain the cause of death. The commission examined and cross-examined these witnesses, and was satisfied that they correctly reported what the injured man had related shortly before his death and believed that the narrative which the injured man gave was correct. I think that the commission were justified in basing an award upon this testimony and that the language of section 68 of the Workmen's Compensation Law expressly authorized them so to do.

If it were necessary to do so the award made could well be sustained upon the ground urged by my brother Pound in his opinion. I think, however, that it is more in harmony with the spirit of this legislation and with the express provision of section 68 that we should frankly recognize that the commission are not limited by the common-law methods of proof and that if they were satisfied that the so-called hearsay evidence that was offered was credible they were justified in basing their award upon that evidence.

It is said in the prevailing opinion that " this section does plainly permit the introduction of hearsay testimony in all cases affected by the act, but still it does not, * * * make hearsay testimony, unsupported by other evidence, sufficient ground to sustain such a finding of fact as the commission made in this case." The distinction sought to be made between admitting such evidence and basing an award upon it seems to me to be unreasonable and not to find support in anything contained in section 68. In conceding that section 68 sanctions the introduction of hearsay evidence the argument of the appellant is left without any foundation upon which to rest. If the legislature sanctioned the admission of this evidence it follows by necessary implication that it intended to authorize the commission to act upon it. In resting the judgment about to be rendered upon this

ground the court concedes that the evidence upon which the commission acted was legal evidence, but holds that it was insufficient to sustain an award. If section 68 sanctions the reception of hearsay evidence there was legal evidence before the commission and if there was any legal evidence before the commission to sustain the award this court has no power to reverse the determination that was made.

I vote in favor of affirming the judgment of the Appellate Division.

POUND, J. (dissenting). I think this case should not be disposed of by deciding that all evidence held to be objectionable as hearsay in the courts of this state is without probative force. Our law of evidence is largely a product of the jury system. The purpose of its exclusionary rules is to keep from the jury not only all that is irrelevant, but also much that although relevant is remote, or collateral, or non-probative, and, therefore, tends to mislead or confuse. I assume that the industrial commission, although not " bound by common law or statutory rules of evidence " (W. C. L. § 68), must, in exercising its functions, for the sake of system and simplicity, apply certain principles of the law of evidence based on experience as well as authority, the chief being that witnesses should, as far as practicable, testify from their own knowledge of relevant facts, orally, publicly, under oath or affirmation and subject to the test of cross-examination. Yet we cannot overlook the obvious fact that " the changing experience of mankind " may dictate that these fundamental principles be modified and liberalized in their application, when the hearing is before tribunals which adjudicate both on law and fact, and not before a jury summoned temporarily from the vicinage and untrained in the discriminating art of deciding causes on evidence. The ascertainment of truth rather than the integrity of the rules being the foremost consideration,

we find that when the jury is absent the rules are less strictly enforced, it being assumed that the court will not be easily confused or misled by that which is irrelevant and inconclusive.

Hearsay is said by the old writers to be " of no value in a court of justice " (Bull. N. P. 294), and " no evidence " (Gilbert on Evidence [2d ed.], 152), yet the rule against hearsay, even at common law, is subject to many exceptions, and is not inelastic either in statement or application. Thayer in his luminous and philosophic " Preliminary Treatise on Evidence at the Common Law " (pp. 522, 523) suggests that " a true analysis would probably restate the law so as to make what we call the rule the exception, and make our main rule this, namely, that whatsoever is relevant is admissible. * * * No doubt, in point of reason, hearsay statements often derive much credit from the circumstances under which they are made, say for example, from the fact of being made under oath, or under impressive conditions as being against interest, or made under strong inducements to say the contrary, or as part of a series of statements or a class of them which are usually careful and accurate, and the like; credit amply enough in point of reason to entitle them to be received in evidence, when once the absence of the perceiving witness is accounted for; and it would in reason have been quite possible to shape our law in the form that hearsay was admissible as secondary evidence, whenever the circumstances of the case were alone enough to entitle it to credit, irrespective of any credit reposed in the speaker."

The rule and its exceptions are not always and everywhere the same. The decisions are not in harmony. What is admissible in one jurisdiction is sometimes excluded in another. In the same jurisdiction the exception as first formulated is sometimes limited or extended by later cases. In *Insurance Co.* v. *Mosley* (8 Wall. 397) the question was whether the assured died from the

effects of an accidental fall down stairs in the night or
from natural causes.   Assured had left his bed between
·12 and 1 o'clock at night and it was held that his declara-
tions to his wife when he came back that he had fallen
down the back stairs and hurt himself badly were com-
petent and sufficient proof of the fall because they were
made so soon thereafter as to be in the nature of *res gestæ*
— declarations contemporaneous with the main fact and
part thereof.   The evidence was, none the less, *the nar-
rative by a person since deceased of a past, although a
recent event*.   This court in *Waldele* v. *N. Y. C. & H.
R. R. R. Co.* (95 N. Y. 274, 278), therefore, very properly
characterized the *Mosley* case as " an extreme case," and
in *Greener* v. *General Electric Co.* (209 N. Y. 135, 138)
said "the distinction to be made (in such cases) is in the
character of the declaration; whether it is so spontaneous,
or natural, an utterance as to exclude the idea of fabrica-
tion; or whether it be in the nature of a narrative of what
had occurred."   The force of this rule lies somewhat in
the application of it.   (*People* v. *Del Vermo,* 192 N. Y.
470, 483, and cases cited.)   Can we say that evidence
which the Supreme Court of the United States held com-
petent and sufficient, *i. e.,* the declarations of a deceased
person made soon after the alleged accidental injury and
under circumstances entitling them to credit is not com-
petent and sufficient proof before the industrial commis-
sion under the rule of section 68 of the Workmen's Com-
pensation Law which says that the commission shall not
be bound by common-law rules of evidence?   May not
the commission, under this statute, adopt the rule of the
Supreme Court of the United States and in its discretion
give it an extremely liberal application and reject the
stricter rule laid down by this court without being open to
the charge of making an award on no evidence whatever?
Could not "the substantial rights of the parties" be
thereby ascertained?   If it may go so far, we need only
hold that where the common-law rule against hearsay is

29

not uniformly stated or applied, the commission may base an award upon evidence received under the exceptions to the rule most favorable to the claimant, without being bound by the decisions of this court thereon. I think that the evidence of Carroll's declarations to his wife when he came home from work and to the physician called to treat him might, without too violent a wrench to our established ideas, be held competent under the exception to the rule against hearsay applied to the *Mosley* case. In any event as pointed out by my brother Seabury in his opinion the evidence was legal and admissible. If it had any probative force, its weight was for the commission as triers of fact and their decision thereon was final. (Workmen's Compensation Law, § 20.) I think that we cannot say as matter of law that it had no probative force under section 68 of the act, but I do not thereby conclude that all hearsay has probative force or that awards in contested cases may be allowed or disallowed on rumor or report to which the circumstances give no weight. It is not to be anticipated that the commission will become confused, waste time, lose sight of the main issue and base awards or refuse them on haphazard hearsay, as our convention is that a jury might if it were permitted to hear everything relevant.

I vote for affirmance.

Hiscock, Collin and Hogan, JJ., concur with Cuddeback, J., and Willard Bartlett, Ch. J., concurs in result in memorandum; Seabury and Pound, JJ., read dissenting opinions, each of whom concurs in the opinion of the other.

Order reversed, etc.