Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of THERESA LINDQUEST, Respondent, for Compensation to Herself and Child under the Workmen's Compensation Law, for the Death of ANDREW LINDQUEST, Her Husband, *v.* JOHN HOLLER and STANLEY SHEPARD, Copartners, Doing Business under the Firm Name and Style of HOLLER & SHEPARD, Employers, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, May 2, 1917.

Workmen's Compensation Law — admissibility of hearsay evidence as to accidental injury — evidence as to death of superintendent of construction on barge canal, resulting from peritonitis caused by fall — presumption.

Hearsay evidence as to whether or not a decedent had suffered an accidental injury sufficient to warrant an award under the Workmen's Compensation Law is admissible in the discretion of the State Industrial Commission.

Where the death of a superintendent of construction of a section of the barge canal resulted from acute peritonitis, which might have been caused by the rupture of the appendix, and there was no eye witness of the happening of the alleged accident, and it was not confirmed by any marks upon the skin or by other external sign, and the sole evidence of its occurrence was found in the employer's first report of the injury and in the hearsay evidence of the wife, son and attending physician of the deceased that he said that his foot slipped while he was attempting to climb out of the prism of the canal, and that he fell down the bank, striking his abdomen, causing severe pain, and that he told his wife that " something broke inside," the State Industrial Commission was justified in finding that the deceased sustained an accidental injury sufficient to warrant the making of an award.

The presumption created by section 21 of the Workmen's Compensation Law was not overcome by substantial evidence.

APPEAL by John Holler and others from an award of the State Industrial Commission made on the 26th day of October, 1916.

*Frank J. O' Neill* [*Barnett Cohen* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

LYON, J.:

The most important question presented by this appeal is whether hearsay evidence as to the deceased having suffered an accidental injury was sufficient to warrant the State Industrial Commission in making an award.

The deceased was the superintendent of construction of a section of the barge canal, and concededly his death resulted from acute peritonitis which might have been caused by the rupture of the appendix.

There was no eye witness of the happening of the alleged accident, and it was not confirmed by any marks upon the skin or by other external sign.

The sole evidence of its occurrence is found in the employer's first report of injury, and in the testimony of the wife, son and attending physician of the deceased that he said his foot slipped while he was attempting to climb out of the prism of the canal, and that he fell down the bank, striking his abdomen, causing severe pain, and that he told his wife " he broke something inside." The employer's report also stated positively that the accident happened on the barge canal location May 9, 1916, at ten A. M. while the deceased was climbing out of the prism of ·the barge canal.

The State Industrial Commission found the facts to be in accordance with such statement of the deceased, which was stated by the medical expert of the Commission to be the most plausible theory from a clinical point of view considering the case *in toto* and the rapid development of the symptoms and physical signs after the alleged fall; that at the time of the happening of the accident the deceased was afflicted with a diseased appendix, and that by reason of the fall, acute exacerbation of the appendix resulted producing a rupture of the appendix from which acute peritonitis developed, causing death five days after the fall. No autopsy was had, and whether the peritonitis in fact resulted from a rupture of the appendix or from some other cause was not definitely proven. It is not claimed that the mere fact that death occurred from peritonitis would of itself be sufficient evidence that the deceased had sustained an accidental injury to warrant making the award, but we think the conclusions of the Commission were warranted provided the Commission was justified

in receiving the hearsay evidence and basing its conclusions thereon. Consideration of the appeal is, therefore, narrowed to the single question as to the admissibility of the hearsay evidence, which was received under the objection of the appellants.

I think that under the decision in the case of *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435) the hearsay evidence was admissible in the discretion of the State Industrial Commission and hence was properly received.

There was not in this case as in the *Carroll* case denials of the happening of the accident by persons who were present at the time it was claimed to have occurred, nor is the evidence in this case abhorrent to reason and common sense as in that case, and it cannot be said in this case as in that case that the presumption created by section 21 of the Workmen's Compensation Law was overcome by substantial evidence.

The State Industrial Commission was satisfied as to the credibility of the hearsay evidence. It was, therefore, confronted by questions of fact and its decision thereon being supported by the evidence is conclusive upon us.

The award of the Commission should be affirmed.

Award unanimously affirmed.