Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WLADISLAW GORSKY, for Compensation under the Workmen's Compensation Law, Respondent, v. WILSON & COMPANY, Employer and Self-Insurer, Appellant.

*Workmen's Compensation Law — injury to eye — sufficiency of evidence.*

Appeal from an award of the State Industrial Commission, entered in the office of said Commission August 2, 1919.

Award affirmed. All concur, except Kiley, J., dissenting, with an opinion.

KILEY, J. (dissenting): This is an appeal by the employer, who carried his own compensation insurance, from an award by the State Industrial Commission to the claimant of thirteen dollars and eighty-five cents per

week for a period of 128 weeks for the loss of the use of the right eye.   The claimant, a Russian Pole, was working for the appellant, as cooper, and on the 2d day of January, 1919, a piece of board or wood flew from the head of a barrel upon which he was working, and hit him in the right eye. Two days after the company's physician saw him.   Dr. Pinco was not an occulist nor eye specialist.   He prescribed a wash, acid solution, for him — discovered nothing the trouble with the eye.   Claimant lost two days' time and has since been working at same place with no diminution of wages. Having complained further of pain in the eye, Dr. Pinco sent him to an eye specialist, Dr. Gulliver, who on January 7, 1919, on the fifth day after the original injury, found a small ulcer of the cornea on the inner side, which ulcer, he says, is probably the result of the injury.   On the fifteenth of January following claimant was examined by another specialist, Dr. Torok, who found a small dot-like opacity which is a cloud or covering through which the light does not penetrate.   He also found that the claimant was nearsighted and astigmatic in the said right eye, which condition renders that eye practically sightless.   Dr. Gulliver again reports, on same date, that he found the same condition.   Both specialists say this condition was not produced by the injury of January 2, 1919, and that said injury was not a contributing cause.   We also find a report of Dr. Gneewer, specialist, dated March, 1919, in which he reports " sight of right eye has not been impaired by accident; the eye has never developed normal sight."   The findings of these experts are to the effect that this eye has always been in its present condition due to the elongation or abnormal size of the eyeball. Dr. Knapp who it appears from the evidence, was designated by the Commission to make an examination, says in a report dated April 10, 1919, " after dilating the pupil, the fundus [the base of any cone shaped organ] is normal, except a considerable amount of irregular astigmatism, which may be the result of a contusion injury of the eyeball."   Upon this evidence the award of the Commission is based.   It clearly appears from the record that there was no evidence such as abrasion of skin around the eye, nor any rupture of any covering or layer of coverings of the eyeball; no black eye as we commonly see when a hard blow has been struck in the eye or the region around it ever appeared in this case at any time since the injury. The cause of nearsightedness and astigmatism, shape and size of eyeball, could not be produced by anything but a very severe injury, leaving evidence that could not clear up in a few days.   Later Dr. Knapp's attention having been called to the evidence that there was no contusion of the eyeball, he says he would not consider the sight impairment a result of the injury.   And again later he says that it could be produced by contusion " but I don't say it was the cause in this case."   In other words, the effect of Dr. Knapp's evidence is that a contusion can produce the condition found in this claimant's eye, but upon the review of the evidence he will not say it did cause it.   While not unaware of the rule adopted in these cases that " a scintilla of evidence " sustains an award, it cannot mean that such award will be sustained against an overwhelming weight of evidence to the contrary. Years ago the " scintilla " rule was scrapped as controlling in courts of

law.  (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Leinkauf* v. *Lombard*, 137 id. 417.)  And it must give way in other tribunals where a decision must rest upon some evidence — and that must be the preponderance or weight of evidence in favor of the claimant when he is opposed upon the trial or investigation.  In view of the modification by Dr. Knapp of his first impressions the question of " scintilla of evidence " is almost removed from the case.  Claimant says he never knew he was nearsighted; that, in effect, is all that is left.  The experts say that condition, with one eye good, can come and often does come upon a person without consciousness of it on his or her part.  The doctrine held here is not new.  (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Matter of Belcher* v. *Carthage Machine Co.*, 224 id. 326; *Matter of Hansen* v. *Turner Construction Co.*, Id. 331.) This award should be set aside, with costs.

