Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH C. McHALE, Respondent, for Compensation under the Workmen's Compensation Law, v. SHEFFIELD FARMS COMPANY, INC., Employer and Self-Insurer (Named in the Notice of Award Herein as SLAWSON DECKER SHEFFIELD FARMS), Appellant.

Third Department, November 10, 1920.

**Workmen's Compensation Law — failure to establish that death was caused by accident — presumptive evidence — hearsay — proof of accident essential to jurisdiction and to award.**

Appeal from an award made by the State Industrial Commission for the death of a person employed to drive a milk wagon upon the theory that his death was caused by a fall from the wagon. The autopsy showed that the decedent had suffered no injury other than a slight abrasion of the leg which had nothing to do with his death and on the contrary that the cause of his death was tubercular meningitis and the contributing cause chronic pulmonary tuberculosis. The plaintiff's fall from the wagon was only sought to be established by uncorroborated hearsay evidence. *Held*, that the award should be reversed and the matter remitted to the Commission.

The presumptions declared in section 21 of the Workmen's Compensation Law do not relate to the fundamental question of the happening of an accident, which is in the nature of a jurisdictional fact to be supported by direct or circumstantial evidence, and the presumptions do not prevail over substantial evidence to the contrary.

Hearsay testimony unsupported by facts and circumstances to justify a reasonable inference, is not sufficient to establish the primary fact of an accidental personal injury sustained by the employee arising out of and in the course of his employment.

The jurisdiction of the State Industrial Commission to make an award depends upon the happening of an accident under the conditions named in the statute and this requires evidence of probative force.

While hearsay testimony is competent in explanation or corroboration it must itself be corroborated by relevant facts or it cannot be made the basis of an award.

APPEAL by the defendant, Sheffield Farms Company, Inc., from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 8th day of December, 1919.

*Alger & Coughlan* [*George W. Alger* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

Woodward, J.:

The question presented upon this appeal is whether there was any evidence of a probative character before the State Industrial Commission to establish that Patrick J. McHale came to his death through " accidental injuries arising out of and in the course of employment " in a hazardous occupation. (See Workmen's Compensation Law, § 10; Id. §§ 2, 3, as amd. by Laws of 1917, chap. 705.) He was the driver of a milk wagon for the Sheffield Farms Company, Inc., and had been so employed for about ten years, and the theory on which the award has been made is that he came to his death by reason of a fall received on the 24th day of April, 1919, the death following on the thirtieth of the same month. The learned counsel for the State Industrial Commission says in his brief that " the evidence as to the accident is almost entirely hearsay, but the circumstances show that the man must have had an accident of some kind," but when or where this alleged accident occurred nowhere appears. The claimant, decedent's widow, tells us of his coming in in the morning and acting silly, so that she thought some one had doped him, and the local physician who was called in certified that " in my opinion " the death was " due to injury of the brain on account of an accident." It appears that the decedent was irrational or unconscious all of Thursday, and that on Friday he " got his senses " and talked with everybody; that on Thursday he " couldn't even talk to the doctor, and the doctor went to examine him and he wanted to bite him, and he acted terribly." On Friday a second physician was called in consultation " because we saw he was getting worse," and it was at this time that the claimant says " he told me he was on the wagon and said one of the cases of milk, some cases have bottoms and some have no bottoms where they pack ice all around — I don't know if he said where he fell from, but he said he kicked the ice aside for a while

and he went to take the case off the wagon and he slipped on the ice and struck the back of his head." A Mrs. Lynch testifies that she heard some man with the word " inspector " on his hat say that the decedent fell from the wagon on One Hundred and Sixty-first street, but no one testifies directly to the happening of any accident, and it appears that at no time subsequent to Friday, the day following the alleged accident, was the decedent able to make any intelligent communication. Claimant says that Friday was " the only time " he was rational between Thursday, when he acted silly and wanted to bite the doctor, and the following Wednesday, when he died; and the only foundation for this award is the alleged communications of this man on Friday to his wife and some of the neighbors and friends. His attending physician testified that he was conscious on Friday morning; that " Friday all day he acted fairly good; of course at times he was absolutely sickly and at times he didn't answer to the point asked him," and that on Saturday morning he lapsed into semi-consciousness and grew worse until his death. This physician says the decedent gave him a history of the case; " he said something happened to him and couldn't recollect what happened;" that " he thinks he fell and thinks he was injured, but couldn't give any clear answer. He said he hurt himself, he doesn't know how and doesn't know where it happened, but that he was injured. We went over him, Dr. Berg and I gave him a very thorough examination, this was absolutely negative." In other words, aside from a slight abrasion on one of the legs, which concededly had nothing to do with the death, the examination of the decedent showed no injury, and this was fully confirmed by the autopsy, which disclosed that the chief and determining cause of his death was tubercular meningitis and the contributing cause chronic pulmonary tuberculosis. The decedent had been ill with the grippe from March tenth to April sixteenth, and this alleged accident occurred on the twenty-fourth day of the same month, and the autopsy discloses an adequate cause of the death, with no evidence whatever of any injury which could have contributed to the death.

It thus appears not only that there is no evidence of probative force to support the conclusion that the death resulted from

an accident, but that it affirmatively appears that the death was due to disease, which is not shown to have had any relation whatever to any alleged accident. The presumptions declared in section 21 of the act do not help the claimant; they do not relate to the fundamental question of the happening of the accident, which is in the nature of a jurisdictional fact to be supported by direct or circumstantial evidence, and the presumptions do not prevail over " substantial evidence to the contrary." (Workmen's Compensation Law, § 21.) If any authority is needed for this proposition it is to be found in *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435) and we are clearly of the opinion that hearsay testimony, unsupported by facts and circumstances to justify a reasonable inference, is not sufficient to establish the primary fact of an " accidental personal injury sustained by the employee arising out of and in the course of his employment." (Workmen's Compensation Law, § 10.) The jurisdiction of the State Industrial Commission to make an award depends upon the happening of an accident under the conditions named in the statute, and this requires evidence of probative force. Hearsay testimony is competent in explanation or corroboration, no doubt, but it must itself be corroborated by relevant facts or it cannot be made the basis of an award under the statute here considered.

The award should be reversed and matter remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.