NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

KATHERINE WALSH, PETITIONER, v. FORD MOTOR COMPANY, RESPONDENT.

**Alleged Septicomia Resulting in Death—Employer Had No Knowledge of Accident—Only Evidence Was Statement of Relative to Whom It is Alleged Employe Told of the Injury to finger —Declarations Not Res Gestae—Petitioner Failed to Show That Injury, if There Was One, Caused the Death.**

On petition for compensation. On order dismissing petition.

For the respondent, *George Anderson.*

For the petitioner, *Michael F. Judge.*

\* \* \* \* \* \* \* \* \*

The petition filed in the cause alleged that on January 12th, 1925, Frank Walsh was employed as a glass cutter by the respondent; that on that date, while cutting windshields, he cut the middle finger of his left hand; that he continued working until January 15th, when he was compelled to cease work and go home, and that he died on January 22d of septicomia. The petition alleged that the decedent left him surviving as dependents a widow and two minor children. The answer alleged that the respondent had no knowledge of the accident, and that it had no knowledge or record of any injury to the decedent.

The case came on for hearing before me at Newark, on June 11th, 1925, in the presence of Michael F. Judge, Esq., attorney for the petitioner, and George Anderson, Esq., attorney for respondent, on which day both parties produced witnesses who were examined in the presence of said counsel.

It is fundamental that the burden is on the petitioner to prove by competent, legal evidence, that (1) decedent sustained an injury by accident; (2) arising out of and (3) in the course of his employment, and (4) that decedent's death was caused by the accident. There was no witness who actually saw the alleged accident. Petitioner endeavored to prove the accident and the resulting injury by the declarations made by the decedent to the petitioner and his father-in-law upon his arrival at home in the evening of January 12th. The testimony of the petitioner and father-in-law was, in substance, that decedent immediately after his arrival at home said that he had cut the middle finger of his left hand while at work. This testimony was admitted over the objection of counsel for the respondent. There was no other testimony adduced in support of the allegation that decedent sustained an injury by accident arising out of or in the course of his employment.

Counsel for petitioner urged that the testimony of decedent's declarations should be admitted as a part of the res gestæ. This contention is untenable. The declarations were not made at or immediately after the time he sustained his

injury. They were not made at or near the scene of the accident, but, on the contrary, were made after his arrival at home and at a considerable period of time after the accident is alleged to have occurred. They were merely a narrative of a past event. There can be no doubt that the declarations were not part of the *res gestæ*, and they were therefore hearsay. *Blackman* v. *West Jersey and Seashore Railroad Co.*, 68 *N. J. L.* 1; 3 *Wigm. Ev.* (*2d ed.*), §§ 1747, 1750.

It is well established that hearsay·testimony alone is insufficient to support an award. *Carroll* v. *Knickerbocker Ice Co.*, 218 *N. Y.* 435; 113 *N. E. Rep.* 507; *Valentine* v. *Weaver*, 228 *S. W. Rep.* 1036; *Indiana Bell Telephone Co.* v. *Hauf*, 144 *N. E. Rep.* 844; *Scalise* v. *Uvalde Asphalt Paving Co.*, 98 *N. J. L.* 696. As pointed out above the only proof offered of the accident was the declarations of decedent. Inasmuch as these declarations were hearsay, I hold that there was no legal proof that decedent sustained an accident arising out of and in the course of his employment.

Petitioner, moreover, failed to sustain the burden of showing that the injury (assuming that there was one) caused decedent's death. Dr. O'Neill, who treated decedent, was called by the petitioner and testified that he examined the middle finger of decedent's left hand on the fourth day following the accident and saw no sign whatsover of any injury thereon. The undisputed testimony was that if there had been a cut on the finger, as alleged, there would have been some evidence of the same four days thereafter. Dr. Gray, a blood specialist called by petitioner, testified that he made a blood test from which he found that decedent's blood stream was infected, due to the presence of staphyloccus bacteria, and that these generally obtain admission to the blood stream through an abrasion in the skin. These were the only doctors called by petitioner, and neither of them was asked to give his opinion as to whether decedent's death resulted from the injury of January 12th. In view of the undisputed testimony that there would have been some in-

dication of a cut on the middle finger of the left hand four days later, and in the absence of opinion by petitioner's doc-. tors that the death was a result of the injury on January 12th, I am constrained to hold that petitioner failed to prove that decedent's death resulted from the alleged accident.

For the reasons given above, I hold that petitioner has failed to prove that decedent sustained an accident arising out of and in the course of his employment, and that, if there was an accident, there was no proof that the same was the cause of decedent's death.

\*       \*    \*      .\*       \*       \*       \*       \*       \*

HARRY. J. GOAS,
*Deputy Commissioner.*