■    In the Matter of Jon E. Roewer, Petitioner, v James P. Melton, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review an order of the Commissioner of Motor Vehicles revoking petitioner's operator's license because of his refusal to submit to a chemical blood test. At about 8:00 p.m. on August 23, 1975, Officers Havelaar and Cooper of the Fayetteville police force were on routine patrol and proceeding northerly on Washington Street. They observed an approaching vehicle with its rear wheels spinning as its operator apparently sought more speed. When the driver disobeyed Sergeant Havelaar's signal from the police car to stop, Sergeant Havelaar turned the patrol car and gave chase. After proceeding for a few blocks, the pursued vehicle turned right, went two or three more blocks, and then entered a private driveway and stopped. The petitioner was observed leaving the vehicle from the driver's position. According to the testimony of Officer Cooper, there was a strong odor of alcohol on petitioner's breath and he staggered as he conversed with the officers. Petitioner was arrested for driving while intoxicated and warned that his refusal to submit to a chemical blood test could result in the revocation of his operator's license. Nonetheless, petitioner declined to submit to the test. Subsequently, the criminal charge of driving while intoxicated was dismissed. However, after a Department of Motor Vehicles hearing at which only Officer Cooper and the petitioner testified, the referee revoked the petitioner's license for his refusal to submit to the test. Thereafter, the department's Administrative Appeals Board recommended affirmance of the referee's determination and its recommendation was approved by the respondent commissioner. This proceeding followed. The petitioner contends that the respondent's determination is unsupported by substantial evidence and bottoms this assertion in large measure on the fact that hearsay testimony was presented and formed the basis for the respondent's determination. The complained of testimony came in response to a question put to Officer Cooper by the referee and consisted of Cooper's statement that Sergeant Havelaar told him that the petitioner, Roewer, was driving the vehicle when it passed the police car.* While this testimony was clearly hearsay, petitioner's argument overlooks the fact that hearsay evidence may be received in an administrative hearing, though it may not form the sole basis for the ultimate determination *(Matter of Altschuller v Bressler,* 289 NY 463; *Matter of Carroll v Knickerbocker Ice Co.,* 218 NY 435). More is required. There must be a "residuum of legal evidence" *(Matter of Carroll v Knickerbocker Ice Co., supra,* p 440). The testimony of Cooper as to his observation of the car and following it without a time lapse and observing the petitioner leave the car from the driver's door provides that necessary residuum. Moreover, Cooper's testimony as to the peculiar operation of the vehicle and his description of the petitioner and his actions after leaving the vehicle provide substantial evidence for the respondent's other conclusions. The petitioner's version that he was not the operator merely presented issues of credibility for the referee to resolve, and since his resolution

---

* The record discloses that Sergeant Havelaar had moved to the western part of the United States and was not available.

thereof is supported by substantial evidence, we must accept it *(Matter of Williams v Tofany,* 46 AD2d 708). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.