■   In the Matter of the Claim of RICHARD G. GOODARD, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 1978, affirming the decision of a referee, which sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective October 22, 1977, on the ground that he voluntarily left his employment without good cause. On the record before us, the board could properly find that claimant's own conduct caused him to be laid off by his employer. The testimony reveals that claimant was not content with his position as foreman in a machine shop and sought a transfer to a welder's job. The board found that when claimant's replacement was obtained, claimant was released because he was not a member of the union and there was insufficient work for him as a welder. Although claimant testified that his employer agreed to transfer him to the welder's shop, the employer denied that such a promise had been made. Furthermore, in his statement of November 29, 1977, claimant stated that he "assumed" that he would be able to go into the welder's shop, an assumption which was not a promise of a welder's job. Moreover, the record contains no evidence that claimant ever challenged his employer about his failure to receive the welder's job. This, in our view, presented a question of credibility which the board could properly resolve in favor of the employer (Labor Law, § 623; *Matter of Trafalski [Levine],* 50 AD2d 1016). The record, considered in its entirety, contained substantial evidence to support the board's factual finding that claimant voluntarily left his employment without good cause *(300 Gramatan*

*Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n *) and supported the board's conclusion that claimant "was replaced at his own request and instigation". Decision affirmed, without costs. Mahoney, P. J., Greenblott and Herlihy, JJ., concur.

Main and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). Claimant testified that he asked his employer about the possibility of working as a welder, rather than as a foreman, because he preferred physical labor over the paper work required in his job as foreman. The employer said it would not be a problem to put him on as a welder. Claimant said he would work as foreman until a replacement could be found and would then go into the shop. On October 21, 1977, claimant was notified by his employer that his replacement would be in the following Tuesday and that he, unfortunately, did not have enough work to put claimant in the shop and claimant would be laid off. The record is otherwise barren of evidence to contradict the claimant's contentions. The only other information in the case was supplied by Raymond Kowalczewski, comptroller of the company employing the claimant. He said he had no personal knowledge of the facts of claimant's leaving but thought he had quit. This same person signed the employer's report of claimant's employment and ascribed the same reason for claimant's departure. The board's findings of voluntary leaving of employment are not supported by substantial evidence. The hearsay statements of the witness Kowalczewski, absent any other evidence in the record, are not of sufficient probative value in this case to sustain a determination which must be supported by substantial evidence *(Matter of Luks [Levine],* 45 AD2d 801). This record is absolutely barren of evidence from any source with personal knowledge of the arrangements between the employer and employee except what was offered by the claimant. While it is true that strict compliance with rules of evidence in hearings before the board is not required and determination may be based on hearsay alone, the hearsay depended on should be credible before the substantial rights of an employee to unemployment benefits are denied *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-182). The determination should be annulled.