■ In the Matter of RICHARD BURKHARDT, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent Commissioner of the New York State Department of Social Services, made after a fair hearing, which affirmed a determination of respondent Commissioner of the Department of Social Services of Ulster County reducing petitioner's public assistance eligibility. In our view, there is substantial evidence in the record to support the determination of the respondent. Contrary to the dissent's position that

it was irrelevant, the medical report clearly had a bearing on the question of whether petitioner voluntarily terminated his employment for the purpose of qualifying for a greater amount of assistance (see 18 NYCRR 385.7 [c]), for the medical report introduced by the local agency established that petitioner was capable of working full time. Additionally, petitioner's former employer, in response to a request from the agency, explained that petitioner had been suspended for four days and was told to report back to work, but never did so. Petitioner completely failed in his burden of proof (*Lavine v Milne,* 424 US 577; *Matter of Carrington v Toia,* 67 AD2d 775) to overcome this evidence. He never testified as to the reasons for his failure to report back to work, or for his failure to contact his employer, or that he even attempted to inform his employer of the reasons for his absence. That hearsay evidence was relied upon by the respondent is not, in our view, of sufficient consequence to require an annulment (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n; *Matter of Goodard [Ross],* 70 AD2d 730). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staely, Jr., and Casey, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to annul in the following memorandum by Kane, J. Kane, J. (dissenting). On this appeal, the only issue is whether there is substantial evidence to support respondents' determination that petitioner voluntarily left his employment. Three items of documentary evidence were relied upon: (1) an initial determination denying petitioner unemployment insurance benefits; (2) a subsequent medical report identifying petitioner's physical condition and required medication, but concluding he was capable of working full time; and (3) a form from his former employer containing information about an alleged failure to report to work. All of this evidence is hearsay and, since petitioner's *ability* to work was not in dispute, the medical report was irrelevant. Additionally, it should be noted that petitioner requested a hearing before a Referee on the denial of unemployment insurance benefits which had not been conducted at the time of the hearing in this proceeding. Thus, we are presented with a situation in which the unexplained and untested conclusion of one administrative agency has been offered to provide substantial evidence for another agency's determination on the same issue. In our view, this type of hearsay proof is not of the nature and does not inspire the confidence necessary to qualify as substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of De Pietto v Toia,* 67 AD2d 663). Accordingly, the present determination should be annulled and the matter remitted to respondents for further proceedings.