■ In the Matter of THEODORE B. EDEN, Petitioner, v BARBARA B. BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered· in Albany County) to review a determination of the New York State Department of Social Services which permanently disqualified petitioner from participating in the Medical Assistance Program in this State. Petitioner, a podiatrist, was charged by respondents with having engaged in an unacceptable practice. At the time petitioner was charged and the hearing held, an "unacceptable practice" was defined in 18 NYCRR 515.1 (a) as: "conduct which fails to meet standards of good professional medical care and treatment, hampers effective administration of the medical assistance program, disregards established policies, standards, fees and proceedures, increases costs to the program without providing equivalent increases in benefits to the program or client, is inconsistent with program standards or regulations, exhibits an unwillingness to meet such standards or regulations, is a potential threat to public health or safety, constitutes fraud or otherwise

compromises the purposes of the medical assistance program." At the hearing, the evidence submitted by the department included the criminal information filed against petitioner, the certificate of disposition and plea and sentencing minutes regarding petitioner's conviction of the crime of conspiracy in the third degree in violation of section 105.05 of the Penal Law, and a letter from the United States Attorney's office to the Judge who accepted petitioner's plea and imposed sentence. The criminal information, certificate of disposition and plea and sentencing minutes reveal that petitioner's conviction was based on the fact that he conspired to commit attempted bribery in the second degree in that he combined and agreed with others to raise money to be used to influence a public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant with respect to certain legislation pending before the New York State Legislature and that in furtherance of the conspiracy he gave another person the sum of $500. The letter from the United States Attorney's office was the only evidence submitted at the hearing which indicated that the legislation in question would have eliminated podiatric services from the New York Medical Assistance Program. Following the hearing, it was found that petitioner combined and agreed with others to raise money to confer a benefit on a public servant with the intent to unlawfully influence legislators to vote against pending legislation to eliminate podiatric services from the Medical Assistance Program. The department concluded that the acts of petitioner upon which his conviction was based constituted unacceptable practices because they compromised the purposes of the Medical Assistance Program and, consequently, petitioner's disqualification from participation in the Medical Assistance Program in this State was affirmed. The present proceeding was then commenced seeking to annul the department's determination. It is urged by petitioner that there is an absence of substantial evidence to support a finding that he engaged in an unacceptable practice. In support of this argument, petitioner notes that the only evidence linking the Medical Assistance Program to his conviction is the letter from the United States Attorney's office which is hearsay. The remaining evidence, although indicating an attempt to influence legislators to vote against certain legislation, does not reveal what the legislation in question was. Petitioner, therefore, argues that absent the hearsay evidence he could not have been found to have engaged in an unacceptable practice. As previously noted, at the time the hearing was held the definition of an "unacceptable practice" did not include the conviction of a crime. Accordingly, the department was required to connect petitioner's conviction with the Medical Assistance Program in order to prove that he engaged in an unacceptable practice. The letter from the United States Attorney's office was clearly hearsay. It has previously been held that while such evidence is admissible in an administrative hearing, it may not form the sole basis for the ultimate determination and there must be a "residuum of legal evidence" *(Matter of Carroll v Knickerbocker Ice. Co.,* 218 NY 435; *Matter of Roewer v Melton,* 62 AD2d 1120). The "legal residuum" rule, however, no longer applies to administrative determinations *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n; *Matter of McCauley v State Tax Comm.,* 67 AD2d 51). Consequently, considering the record in its entirety, we conclude that substantial evidence supports the determination (see *Matter of Burkhardt v Blum,* 77 AD2d 760; *Matter of Goodard [Ross],* 70 AD2d 730). Concerning the penalty imposed, we are of the opinion that contrary to petitioner's contention, it is not so disproportionate to the offense as to be shocking to one's sense of fairness. Accordingly, it will not be disturbed *(Matter of Pell v Board of Educ.,* 34

NY2d 222, 233). We have examined petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.