■ In the Matter of KEITH BODE, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to

annul a determination of the respondent Commissioner of the New York State Department of Social Services, made after a fair hearing, which denied petitioner home relief assistance. Terminated from his position at a sporting goods store on January 4, 1979, petitioner was denied unemployment insurance benefits on the ground his discharge was for misconduct in connection with employment. His application for public assistance, submitted on January 18, 1979, was subsequently denied because he voluntarily terminated his employment and thereafter failed to furnish sufficient evidence to show that he did so for a purpose other than qualifying for public assistance (Social Services Law, § 131, subd 10; 18 NYCRR 385.7 [e]). After a fair hearing, this determination was affirmed by a decision in which the respondent commissioner found and concluded, among other things, that petitioner had "wrongfully provoked his discharge in order to qualify for assistance." Petitioner contends that the commissioner's interpretation of the applicable statutory provision is arbitrary and capricious and that her findings are not supported by substantial evidence. We disagree. Subdivision 10 of section 131 of the Social Services Law provides as follows: "Any person who voluntarily terminated his employment or voluntarily reduced his earning capacity for the purpose of qualifying for home relief or aid to dependent children or a larger amount thereof shall be disqualified from receiving such assistance for seventy-five days from such termination or reduction, unless otherwise required by federal law or regulation. Any person who applies for home relief or aid to dependent children or requests an increase in his grant within seventy-five days after voluntarily terminating his employment or reducing his earning capacity shall, unless otherwise required by federal law or regulation, be deemed to have voluntarily terminated his employment or reduced his earning capacity for the purpose of qualifying for such assistance or a larger amount thereof, in the absence of evidence to the contrary supplied by such person." The first question thus presented is whether a wrongfully provoked discharge may be regarded as equivalent to a voluntary termination from employment for the purpose of qualifying for home relief. It is axiomatic that the interpretation given to a statute by the agency responsible for its administration, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438) and we have recently indicated that an applicant's conduct resulting in the loss of employment may be considered in determining whether such separation from employment was a voluntary termination (see *Matter of Burkhardt v Blum,* 77 AD2d 760). Accordingly, we have no difficulty in concluding that the instant determination, though not worded in the language of the statute, is founded upon a rational basis. As to the issue of substantial evidence, we find nothing in this record to support petitioner's bare statement that he was ill on the date he lost his employment. Moreover, there was proof that he was aware of the consequences his actions might entail. The ultimate conclusion drawn by the commissioner is fully supported by the evidence (cf. *Matter of Tillman v Fahey,* 73 AD2d 980). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.