■ In the Matter of WILLIAM M. BURKE, on Behalf of Himself and All Other Persons Similarly Situated, Appellant, v VICTOR S. BAHOU, as President of the Civil Service Commission and as Head of the New York State Department of Civil Service, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered April 27, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Civil Service Commission regarding the reclassification in the Department of Health of two positions of Associate Attorney to Associate Attorney (Health Litigation). Special Term sustained the Civil Service Commission's dismissal of the petition because petitioner, though eligible for appointment to the title of Associate Attorney, lacked standing to challenge the reclassification in question. We note that in *Matter of Burke v Axelrod* (90 AD2d 577) the issue of whether petitioner had standing to challenge the Civil Service Commission's determination was not raised. We affirm. The right to have reclassification of a position reviewed and changed is the prerogative of "[a]ny employee occupying" the reclassified position or "any appointing officer" in charge of the agency or department containing that position (Civil Service Law, § 120). Petitioner is in neither category. Since the statute's language is clear and unambiguous, we are bound to give effect to its plain and obvious meaning (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 479). Furthermore, as respondents' interpretation of section 120 is both rational and reasonable, it should be upheld (*Matter of Bode v Blum*, 81 AD2d 989). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.