## NICHOLSON TRANSIT CO. et al. v. BASSETT et al.

### No. 3050.

District Court, N. D. Illinois, E. D.

Nov. 18, 1941.

Angerstein & Angerstein, of Chicago, Ill., for plaintiffs.

J. Albert Woll, U. S. Atty., and Leonard J. Grossman, both of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

The plaintiffs in this case filed on June 6, 1941, their complaint under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921 (b), asking the Court to review and set aside a compensation order of Deputy Commissioner Harry W. Bassett of the United States Employees' Compensation Commission in favor of the parents and brother of William Benkovich, deceased. The complaint sets up in detail the pertinent sections of the Act, the facts concerning the death of Benkovich and his employment prior to his death, the filing of the claim with the United States Employees' Compensation Commission, the hearings on said claim, the findings of the Deputy Commissioner and, as a part of the said complaint by reference, the entire transcript of testimony taken before the said Deputy Commissioner in the said case.

The complaint prays for general and specific injunctive relief and that the award of Deputy Commissioner Bassett be set aside and for a trial de novo on the issue heretofore decided by Deputy Commissioner Bassett.

On July 25, 1941, the defendant Bassett filed a motion to dismiss the complaint and to deny the plaintiffs' prayer for an interlocutory injunction. Pursuant to Rule 7 of the Rules of this Court the said motion was supported by written brief and argument filed therewith.

On July 26, 1941, the defendants Anna Benkovich, Joseph Benkovich and Raymond Benkovich filed a similar motion to dismiss the complaint, also supporting said mo-

tion with written brief and argument as required by Rule 7. On August 4, 1941, the plaintiffs filed two motions; first, a motion to strike the motion filed by the defendant Bassett, and, second, a motion to strike the motions filed by the defendants Benkovich. It is these two motions to strike the motions of the defendants that will now be given consideration.

The grounds of the plaintiffs' two motions to strike are that Harry W. Bassett is not a party in interest and has no legal right to participate in the proceedings before this Court, and that the motions to dismiss filed by the defendants Bassett and Benkovich are not in compliance with the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, and are not permissible by judicial precedent.

■ I find no merit in the contention that the defendant Bassett has no legal right to participate in these proceedings. The Act of Congress on which this suit is predicated, particularly the portions thereof quoted in the complaint, clearly show Deputy Commissioner Bassett to be a necessary party defendant. The Act in requiring the Deputy Commissioner to be made a party defendant in a proceeding for judicial review of his actions as such Deputy Commissioner in a given case, clearly anticipates that the Deputy Commissioner take part in the judicial proceedings referred to. The 1928 amendment of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921a, requiring the United States Attorney to appear as attorney for the United States Employees' Compensation Commission or its Deputy Commissioner when either is a party to court proceedings under Section 21 of the Act makes it clear that Congress intended not only that the Deputy Commissioner be made a party in review proceedings before the Court but that he be an active participant in such proceedings when it provided him with counsel. The one case cited by plaintiffs in this regard (Louisville & N. R. Co. v. Industrial Board, 282 Ill. 136, 118 N.E. 483) is clearly not in point.

■ Nor do I find any merit in the plaintiffs' further contention that the Rules of Civil Procedure for District Courts of the United States or that judicial precedent forbid the filing of a motion to dismiss such as has been filed by the defendants in this case. Not only do the Rules fail to prohibit such a motion, they encourage the filing of such a motion as the proper way to test the legal sufficiency of a complaint in a civil case. The point raised by the defendants' motion to dismiss is similar to that formerly raised by a demurrer and I feel it unnecessary to cite any precedent for such practice. In effect, the defendants say by their motion to dismiss that on the face of the complaint, considering all of the complaint and the material submitted therewith and incorporated therein by reference, that the complaint does not state a cause of action on which the relief prayed for may properly be granted, and, therefore, the complaint should be dismissed. Such a motion is the usual, proper and ordinary method under the Rules of Civil Procedure of raising such a legal issue for the Court's determination.

The plaintiffs' two motions are denied. In accordance with the provisions of Rule 7 of the Rules of this Court, the plaintiffs are given ten days from date of this memorandum in which to file answering brief and argument to the defendants' motions to dismiss. Following the filing of such brief and argument, the defendants also in accordance with said Rule 7 may within five days thereafter file a reply thereto. Whereupon the disposition of the defendants' motions to dismiss the complaint herein will be taken by the Court without further argument.