In the Matter of the Claim of NATHAN ALTSCHULLER, Respondent, against JACOB BRESSLER, Doing Business as BRESSLER CAP COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

464

Argued December 3, 1942; decided January 14, 1943.

*Joseph F. Hanley, Francis J. Healy* and *John W. Trapp* for appellants. The decision and award of the State Industrial Board were based upon hearsay testimony received over objection in violation of section 118 of the Workmen's Compensation Law

(Cons. Laws, ch. 67) and therefore not proper proof of an industrial accident. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Matter of Van Cise* v. *Standard Oil Co.*, 209 App. Div. 838; 239 N. Y. 587; *Matter of Schneider* v. *Dannehoffer Glass Works*, 225 App. Div. 836; *Matter of Kemp* v. *Sterling Engine Co.*, 230 App. Div. 546.) The coronary occlusion from which the claimant suffered and was disabled was not the result of an industrial accident. (*Matter of Dworak* v. *Greenbaum Co.*, 261 App. Div. 1022; *Matter of Woodruff* v. *Howes Const. Co.*, 288 N. Y. 276: *Paul* v. *Travelers Ins. Co.*, 112 N. Y. 472; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83.)

*John J. Bennett, Jr., Attorney-General* (*John F. Loehr* of counsel), for State Industrial Board, respondent. The claimant sustained an accidental injury. (*Matter of Woodruff* v. *Howes Constr. Co.*, 228 N. Y. 276; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of Dugan* v. *Hasman & Baxt, Inc.*, 263 App. Div. 1031; 288 N. Y. 699; *McCormack* v. *Wood Harmon Warranty Corp.*, 288 N. Y. 614; *Matter of Weiss* v. *Buffalo Scale Co.*, 262 App. Div. 979.) The hearsay testimony was properly admitted in evidence. (*Flynn* v. *Prudential Ins. Co.*, 207 N. Y. 315; *Riggs* v. *Palmer*, 115 N. Y. 506; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Rice* v. *Wrigley Co.*, 264 App. Div. 44; 289 N. Y. 665.) The record contains substantial medical evidence that the accident of May 9, 1939, caused the claimant's coronary occlusion and cerebral embolism.

LEHMAN, Ch. J. The evidence establishes without contradiction that the claimant suffered a " coronary occlusion on May 9th, 1939, or the early morning of May 10th " and that the coronary occlusion produced a " hemiplegia accompanied by sensory as well as motor aphasia." As a result the claimant is totally disabled, and is unable to speak coherently or to understand what is said to him. The State Industrial Board has found that the claimant's total disability is the result of accidental injuries sustained by the claimant on May 9, 1939, and that the injuries arose out of and in the course of his employment. The Appellate Division has unanimously affirmed the award made to the claimant for those injuries.

The claimant is, of course, incapable of giving any testimony and no witness was produced who saw any accident. In his decision

the referee who heard the claim stated: " This claimant is mentally dead, although his body lives. I have, therefore, taken hearsay testimony corroborated by certain direct evidence, and on the basis of all the testimony, I find that it has been established that claimant suffered an accident arising out of and in the course of his employment." Concededly the finding of the Industrial Board that the claimant's condition is the result of accidental injuries arising out of and in the course of his employment rests solely upon the " hearsay testimony," perhaps corroborated, by " circumstances or other evidence." This court granted leave to appeal in order to review the question whether under the terms of section 118 of the Workmen's Compensation Law (Cons. Laws, ch. 67), such hearsay testimony may be accepted as sufficient to establish the accident and the injury.

Prior to the alleged accident, the claimant worked for about 18 years as a blocker of hats and caps in the employ of Jacob Bressler, doing business as the Bressler Cap Co. In his work the claimant used a " boiler " which contained three or four pails of water and, when filled, weighed between 75 and 125 pounds or more. He was required to change the water occasionally when it became dirty. The employer testified that to remove the dirty water from the kettle " you take the kettle in your hand and pour it into a pail." From testimony of other witnesses it appears that the dirty water could be removed, also, by " scooping." In the early afternoon of May 9, 1939, the claimant complained to Harry Bressler, a fellow workman and a brother of the employer, that " he has a terrible heart-burn." Bressler testified, as a witness for the employer, that he asked the claimant: " What happened to you? Did you report an accident? " and then in answer the claimant, by signs and words, conveyed to him " that he lifted something." The witness sent for bicarbonate of soda. The claimant took the medicine and " said it relieved him for a few minutes, and then he got the pain again." Concededly the pain constituted a premonitary symptom of the coronary occlusion which resulted in the claimant's total disability and concededly from the start the claimant said that the pain was due to " lifting."

Another fellow-worker testified for the claimant that she saw him take some medicine after complaining of " heart burning " and

after twenty minutes or a half-hour the witness asked him how he felt and " he told me that he is still sick and is wondering whether lifting the boiler would cause this condition." The claimant went home later in the afternoon. The superintendent of the house, where claimant lived, testified that she saw him get out of a taxi looking " very blue " and " so I asked him, ' What happened to you? ' He says: ' I got hurt in the place, lifting something.' " The claimant's wife testified that she came home a little after five. We quote verbatim her testimony of the conversation she then had with the claimant:

" Q. You had a conversation with him. Tell the Referee what he said to you and what you said to him. A. I said to him why he is home so early, because he usually comes later, about seven o'clock. So he said to me, in the afternoon he got a heartburn and he went over to the man who takes charge, Mr. Bressler, and he gave him some bicarbonate of soda, and it stopped a little. So I said, ' How does it come you had a heartburn? ' He said he was in a hurry and he wanted to lift up the boiler at once — he usually takes out with a pail the water from the boiler — so he lifted it and all of a sudden he got a heartburn and the man gave him some bicarbonate of soda. He tried to work and he couldn't. So he came home earlier that day — he would try to rest up and he thought he would be all right. That was the conversation."

If the claimant had testified under oath and subject to cross-examination, that " all of a sudden he got a heartburn," while lifting the heavy boiler, findings of the Industrial Board that the claimant suffered a coronary occlusion " due to the strain and unusual effort used in the lifting of said heavy kettle " and that " the total disability of Nathan Altschuller was the natural and unavoidable result of the accidental injuries sustained by him " would not be subject to serious challenge. There is ample medical testimony that such " strain and unusual effort " would be a competent producing cause of the occlusion and though physicians of unquestioned scientific attainments and reputation testified that the occlusion could not have been so caused, this court cannot pass upon scientific questions when experts have expressed conflicting opinions. The question remains whether testimony of narration of the alleged accident by the claimant can be accepted as sufficient to prove that the alleged accident did occur.

In *Matter of Carroll* v. *Knickerbocker Ice Company* (218 N. Y. 435), the court decided that hearsay testimony, *i. e.* testimony by a witness of declarations or narration by a deceased workman that in the course of his employment he sustained injuries in an accident, was not sufficient to sustain the finding *there* made by the Commission that the death of the workman was caused by such an accident. All the judges, however, agreed that section 68 (now § 118) of the Workmen's Compensation Law " has plainly changed the rule of evidence in all cases affected by the act," and, as the prevailing opinion points out, permits the court " to receive and consider not only hearsay testimony, but any kind of evidence that may throw light on a claim pending before it." (p. 440.) There was a sharp dissent from the conclusion of the majority of the judges that though the hearsay testimony was properly received, a finding resting *solely* upon the narration of a deceased workman is not sustained by any substantial evidence of probative force.

The prevailing opinion summarized the decision in these words: " The only substantial evidence before the workmen's compensation commission was to the effect that no cake of ice slipped and struck the decedent, and there were no bruises or marks upon the body which indicated that he had been so injured. The findings to the contrary rest solely on the decedent's statement made at a time when he was confessedly in a highly nervous state, which ended in his death from delirium tremens. Such hearsay testimony is no evidence (*Matter of Case*, 214 N. Y. 199)." (p. 441.) The court formulated for the guidance of the Commission the general rule to be applied in such cases. " The act may be taken to mean that while the commission's inquiry is not limited by the common law or statutory rules of evidence or by technical or formal rules of procedure, and it may in its discretion accept any evidence that is offered; still in the end there must be a residuum of legal evidence to support the claim before an award can be made." (p. 440.)

The rule so formulated has been criticised by many scholars as the product of judicial reluctance to depart from long accepted but technical common law rules and concepts, and the dissenting opinion has received correspondingly warm approval. Nonetheless, this court has never overruled its decision in *Matter of Carroll* v. *Knickerbocker Ice Co, supra,* nor has the Legislature amended

the statute in manner which would permit the trier of the fact to give greater probative force to " hearsay " evidence.

In each case thereafter presented to this court where a claimant sought to prove by the extra-judicial narration of an injured employee that the disability was the result of an accidental injury arising out of and in the course of his employment, the problem considered by the court was whether there was a sufficient " residuum of legal evidence." The court has never required that such residuum should, independently of the " hearsay " evidence, establish the accident. The sufficiency of the " residuum of legal evidence " cannot be measured by any mechanical formula. " There must be evidence setting forth facts of a probative character, outside of hearsay statements, to prove the award and show that it is fair and just. (*Matter of Carroll* v. *Knickerbocker Ice Co.*) " (*Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326, 330.) In the latter case a closely divided court held that such evidence of " probative character " was lacking, but it indicated that an award, resting upon the declaration of an injured employee, would be sustained if " facts and circumstances " tend to show that the declarations of a deceased employee may be true. (See *Matter of Sorge* v. *Aldebaran Co.*, 218 N. Y. 636; *Matter of Fogarty* v. *National Biscuit Co.*, 221 N. Y. 20.) The fact that two of the four judges, who concurred in the prevailing opinion in *Matter of Carroll* v. *Knickerbocker Ice Co.*, *supra*, dissented from the decision in *Matter of Belcher* v. *Carthage Machine Co.*, *supra*, that there was not sufficient evidence of probative character in the latter case, indicates that in *Matter of Carroll* v. *Knickerbocker Ice Co.*, the court did not intend to formulate a rule which would hamper the Commission from making an award which is shown to be " fair and just " by all the evidence, including " hearsay statements " which throw light on the claim.

The evidence in this case is sufficient for that, and the decision is not inconsistent with *Matter of Carroll* v. *Knickerbocker Ice Co.*, *supra*. There, as the court pointed out, all the substantial evidence contradicted the " hearsay " statements. Clearly established " facts and circumstances " not only failed to corroborate the hearsay statements but tended to show that the statements were untrue, and the statements were made under conditions which made them

intrinsically unreliable. Here, on the contrary, there is no substantial testimony to show that an accident did not occur as narrated by the injured employee, and established " facts and circumstances " leave little reasonable doubt that the narration is substantially true.

The Workmen's Compensation Law was revised by chapter 615 of the Laws of 1922. Section 68 in the original law became section 118 in the revised law, and a new sentence was added: " Declarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury." The section as construed by this court before its revision authorized the Commission to accept " hearsay " testimony; and awards which rested upon declarations of deceased employees, corroborated by " circumstances or other evidence," had been sustained by the court. The new sentence added by the Legislature when revising the statute merely took cognizance of the judicial definition of the scope and effect of the statute. Thereafter the Board was commanded by the Legislature to give to declarations of deceased employees the effect which this court had said the Commission might in proper case give to such declaration.

In giving that mandate in regard to the declarations of *deceased* employees, the Legislature did not indicate that the Board was not authorized to receive the declarations of employees who though living and breathing had lost understanding and power of speech, or indeed to receive other " hearsay " evidence of any kind and to give such evidence its proper probative force. The Board acts reasonably when it refuses to base a decision upon the declarations of a claimant who could testify if he chose to do so, and though the Legislature has chosen to command that the declarations of a deceased employee *shall* be received and *shall* be sufficient to sustain an award for death benefit, it has not attempted to define the probative force of declarations of a claimant who is living, or the sufficiency of such declarations to sustain an award for disability. In each case the probative force of declarations of the injured employee must depend in great degree upon whether his failure to testify is satisfactorily explained. Such matters are left to the determination of the Board, subject, in proper case,

to review by the courts. Since in this case the injured claimant is entirely incapable of giving testimony, the Board did not err in giving the same probative value to the claimant's declaration as they would give to the declaration of a deceased employee.

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.