In the Matter of the Claim of KATHLEEN HERR, Respondent, against NIAGARA SHIPBUILDING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 6, 1946.

*Adams, Smith, Brown & Starrett*, attorneys (*Percy R. Smith*, of counsel), for appellants.

*McDonough & Boasberg*, attorneys for claimant-respondent.

*Frank C. Roberts*, attorney for Liberty Mutual Insurance Company.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Roy Wiedersum, Frederic J. Wood, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board.

*Per Curiam.* Appeal by the employer and the Travelers Insurance Company, carrier, from an award of disability and death benefits to the widow and minor daughter. The Industrial Board found that the deceased employee, on September 23, 1942, became disabled from aplastic anemia and leukemia as the result of benzol poisoning, an occupational disease, which he contracted while employed by the Niagara Shipbuilding Company in the period between January 19 and September 8, 1942, and died therefrom on December 29, 1942. He was employed from January 19 to September 8, 1942, by the employer-appellant, and from October 5, to October 23, 1942, by the American Shipbuilding Company. The appellant, Travelers Insurance Company insured the appellant-employer during the period previous to August 14, 1942; thereafter the carrier was the Liberty Mutual Insurance Company. The board in its decision of March 31, 1945, determined that the appellant Travelers Insurance Company was liable for the entire award " as the evidence indicates that the exposure to benzol occurred during the period that they covered the Niagara Shipbuilding Co." All of the dates hereinafter are 1942. Decedent began his employment with Niagara on January 19th; in March he became foreman and continued in that capacity until September 8th. He became ill on September 29th, was hospitalized on October 29th and died December 29th from benzol poisoning. In his work he used a brush and a paint spray gun. As foreman he cleaned the spray guns each morning, using a varnish remover. It is shown that the Niagara Company, on April 14th, purchased a gallon of varnish remover. It was labeled poison and there was a statement printed on the can that it contained more than 15% of benzol. When decedent began his employment with Niagara he was in good health and energetic. In the spring and summer,

simultaneously with the cleaning of the spray guns, he appeared ill, lost energy and stated that he did not feel well. There is evidence that he cleaned the spray guns in a badly-ventilated shanty about six feet square, in which paints of various kinds were stored.

His wife observed his illness in July and August. The medical testimony discloses its cause. He used a varnish remover to clean the paint spray guns. The inference of the board that the exposure to benzol occurred during the coverage by the Travelers, appellant, rests in part upon the testimony of the wife as to her observations concerning his health.

The award should be affirmed.

BREWSTER, J. (dissenting). I dissent. While the liberty in ways of proof which is afforded by the statute (Workmen's Compensation Law, § 118) may legitimize the evidence to the point of sustaining the finding that benzol poisoning was a contributing factor in the affliction which caused the death, I am unable to agree that there was any competent evidence sufficient to support a conclusion that there was any causal relation between decedent's employment and the inception or aggravation of his fatal illness. As to such relationship I am unable to find even a " ' residuum of legal evidence ' " to support the claim. (Matter of Altschuller v. Bressler, 289 N. Y. 463.) The declarations of the decedent are wholly uncorroborated. Anything they may be said to show relating to decedent's exposure to the harmful agent (benzol as an ingredient in varnish remover) is positively rebutted by legal evidence of probative character showing facts and circumstances to the contrary. (Matter of Altschuller v. Bressler, supra, 469; Matter of Belcher v. Carthage Machine Co., 224 N. Y. 326, 330; Matter of Carroll v. Knickerbocker Ice Co., 218 N. Y. 435.)

HILL, P. J., HEFFERNAN, FOSTER and LAWRENCE, JJ., concur in Per Curiam opinion; BREWSTER, J., dissents in a memorandum.

Award affirmed, with costs to the claimant against the employer and carrier. [See post, p. 960.]