**MARRA BROS., Inc., et al. v. CARDILLO, Deputy Com'r, et al.**

No. 8907.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 21, 1945.

Decided March 7, 1946.

Francis Logan, of Philadelphia, Pa., for appellants.

Herbert P. Miller, of New York City (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., Charles R. Sheidy, Jr., Asst. U. S. Atty., of Reading, Pa., and Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, of New York City, on the brief), for appellee Cardillo, Deputy Commissioner.

Charles Lakatos, of Philadelphia Pa. (Freedman, Landy & Lorry, of Philadel

358

phia, Pa., on the brief), for appellees Margaret F., William, and Marguerite Reilly.

Before BIGGS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

BIGGS, Circuit Judge.

The appeal at bar is from a decision of the court below refusing to enjoin the enforcement of a compensation order entered by a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. The plaintiffs are a stevedoring company and its insurance company. The facts are unusual.

William H. Reilly was employed as a hatch foreman by Marra Brothers, Inc., the stevedoring company, and was engaged in stowing cargo in the No. 4 hatch of the S. S. "West Kyska" at a pier in Philadelphia on the Delaware River. Reilly began work about 8 A.M. on February 22, 1942. Shortly before noon on that day, the ship foreman laid off Reilly's gang. Reilly was not on the vessel at the time of the layoff and, on learning of it, he went to the ship foreman, Morley, who was then standing on the dock near the No. 4 hatch, and inquired as to the reason for it. After this conversation Reilly was seen walking toward the "West Kyska" and was last noticed at a point about halfway between the place on the dock where he and Morley had been talking and the side of the vessel. Reilly was about ten feet from the ship. He was not seen again alive. About five minutes after the end of the conversation between Reilly and Morley the latter went on board the "West Kyska" and inspected the No. 4 hatch where Reilly's gang had been working; other gangs worked in or about the No. 4 hatch that afternoon and evening; various persons who knew Reilly were upon the vessel from time to time both on February 22nd and on the next ensuing five days. No one saw Reilly.

On February 27 the ship sailed from Philadelphia and on March 12, when the "West Kyska" was one day off the Island of Trinidad B.W.I., two of the vessel's officers discovered Reilly's body lying in the forepeak of the ship at least two hundred feet away from the No. 4 hatch. The body lay in the second 'tween deck, face upwards, with a heavy wire hawser impinging upon it.[1] Post-mortem examination of the corpse showed fractures of both temple bones, of the left lower jaw, of seven ribs and of the right clavicle.

Reilly's widow filed a claim for compensation on behalf of herself and her two minor children pursuant to the act. After two hearings before the Deputy Commissioner, the second after a remand by the court below for a determination of whether Reilly's injuries and death had occurred on the navigable waters of the United States, the Deputy Commissioner filed an order awarding compensation to Reilly's widow and her children. He found that Reilly's injuries and death arose out of and in the course of his employment and upon the navigable waters of the United States. The court below affirmed the award. Reilly's employer, the stevedoring company, and its insurance carrier have appealed.

There is indeed a paucity of evidence. The plaintiffs contend that the proof is insufficient to support the Deputy Commissioner's findings and conclusions and there is some merit in the assertion made by the plaintiffs' attorney in the course of his argument to this court that the evidence would support a conclusion that Reilly was murdered. Certainly the facts offer a field for such a speculation. Section 20 of the act, 33 U.S.C.A. § 920, however, provides in pertinent part that "In any proceeding for the enforcement of a claim for compensation under this Act it shall be presumed, in the absence of substantial evidence to the contrary—(a) That the claim comes within the provisions of this Act. * * *" The statute provides the real obstacle which the plaintiffs must overcome. Must the plaintiffs' objections to the Deputy

[1] The facts concerning the finding of Reilly's body have been stipulated and there is a superficial conflict between the provisions of the stipulation. Paragraph 1 of the stipulation states that two officers "went below to the second tween deck and saw the body of a man in the after starboard wind underneath a coil of insurance wire coiled up a few feet above the deck. His face was black and bloody, and his stomach bloated out;".

Paragraph 7 provides, "Concerning the position of the body and the wire, Chief Officer John F. Dean stated on October 2, 1942, before Deputy Commissioner Norton and T. E. Byrne, Esq., for the Insurance Carrier, that the wire was not resting on the deceased's head, and further, that it would not have rested on his body at all if he had not swelled up * * *."

Commissioner's findings and conclusions fall under the weight of Section 20?

Specifically, the plaintiffs point out that Section 3(a) of the Act provides that compensation shall be payable " * * * only if the disability or death results from an injury occurring upon the navigable waters of the United States * * *." They contend that there is no evidence to support the finding that Reilly's injuries and death occurred upon such navigable waters. They take particular exception to a finding that Reilly returned to the vessel to get his clothes, though conceding the propriety of a finding that he did in fact return to the vessel.[2] There is indeed no evidence to support the finding that Reilly returned to the vessel to get his clothes, but there is sufficient evidence (as the plaintiffs have conceded) to support a finding that Reilly returned to the vessel. He was last seen walking toward it at a point within ten feet of it. He was found dead upon it. The ship was then upon navigable waters of the United States. Reilly had just been informed that his stevedoring gang had been laid off. There is a permissible inference to be drawn from the foregoing that Reilly returned to the ship for a reason related to his employment. The finding by the Deputy Commissioner that Reilly returned to the "West Kyska" to get his clothes is in effect a finding that he returned to the ship because of his employment. This is the substance of the Deputy Commissioner's holding and so considered, it is sufficient.

The plaintiffs assert also that there is no evidence to support the finding that the circumstances which resulted in Reilly's death arose out of and in the course of his employment. The plaintiffs take the position that the finding referred to is in reality a conclusion of law and as such is subject to review, citing Southern S.S. Co. v. Norton, 3 Cir., 101 F.2d 825, 827. The question of whether injury or death arises out of or in the course of employment so as to be within the purview of the Act is a mixed question of fact and law. We did not hold to the contrary in the Norton case. Cf. Lowe v. Central R. Co. of New Jersey, 3 Cir., 113 F.2d 413. The trial of the suit at bar in the court below was not de novo. The findings and conclusions of the Deputy Commissioner must be deemed to be conclusive if there is any evidence to support them. See Henderson v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440, 442. In the case at bar the Deputy Commissioner had before him the operative facts hereinbefore stated. It further appears from the evidence that Reilly never checked out with the timekeeper, Zweir.

We are of the opinion that under the circumstances of the case at bar the provisions of Section 20(a) of the Act are of such impact as to require the affirmance of the judgment of the court below. The language of the section was designed to meet just such fact situations as the one presently before us. We conclude that if it be proved as here that the decedent was employed as a longshoreman and that he met his death in or about a vessel on the navigable waters of the United States and that nothing more is shown, the Deputy Commissioner must hold that his widow's claim is within the purview of the statute. See Puget Sound Nav. Co. v. Marshall, D.C.N.D.Wash., 31 F.Supp. 903.

In view of all the circumstances and to meet the suggestion that Reilly came to his death by foul play which the plaintiffs assert may have been the case, we go further. We conclude that if Reilly had been found dead in the forepeak of the "West Kyska" with a knife in his back, none the less in order to avoid the payment of compensation it would still be necessary for the plaintiffs to prove by substantial evidence that his death did not arise out of or in the course of his employment. Compare the provisions of Section 3(b) of the Act. Such is the heavy burden which Section 20(a) imposes upon the employer.

The judgment is affirmed.

---

[2] Upon page 8 of the plaintiffs' brief in this court appears the following: "The positive evidence before the Deputy Commissioner is that when last seen the deceased was walking in the direction of the boat. From this the Deputy Commissioner found that the deceased returned to the vessel. The court below and the defendants took an inordinate amount of comfort from the fact that the plaintiffs have conceded the propriety of such a finding."