KWASIZUR v. CARDILLO, Deputy Commissioner, U. S. Employees Compensation Commission, et al.

Civil Action No. 7182.

District Court, E. D. Pennsylvania.

March 10, 1948.

E. Herman Fuiman, of Philadelphia, Pa., for claimant Kwasizur.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for U. S. Employees Compensation Commission.

Frank R. Ambler and Howard R. Detweiler, both of Philadelphia, Pa., for Maritime and Insurance Companys.

McGRANERY, District Judge.

This case involves an order of Frank A. Cardillo, Deputy Commissioner, United States Employees' Compensation Commission, rejecting a claim for compensation filed by the estate of Ignatius Kwasizur, since deceased. Under the review provisions of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 920, claimant brought suit in this Court to have the order set aside. Through inadvertence, the caption of claimant's original complaint originally named only Kwasizur's employer, the Maritime Ship Cleaning and Maintenance Co., and its insurer, the Hartford Accident and Indemnity Co. This was later amended to include Cardillo as a party defendant, as well. Counsel for the employer and its insurer entered an appearance for them, and for Cardillo, as well, and on May 23rd, filed a motion to dismiss for all three parties defendant. On June 12th, the United States Attorney filed his answer to the bill of complaint. At a later date, notice was sent out that argument in the case, originally scheduled for June 23rd, would be held on July 21st. Notice was sent to counsel for plaintiff and for the employer and its insurer and was captioned as follows:

"Re: ANNA KWASIZUR, ADMX. etc.
vs.
FRANK A. CARDILLO, Deputy Comm's U.S. Employees Compensation Comm.

No. 7182

Sur: Deft's motion to dismiss.
Claimant's appeal."

During the hearing, at which the United States Attorney was not present, the Notes of Testimony disclose that apparently both counsel agreed to submit the entire case, which was purely one of law, to the Court for final decision. A few days later, the Court entered an opinion setting aside the Order of the Deputy Commissioner. The government has now filed a "Petition for opening judgment and granting re-argument," claiming that it was surprised by the decision on the merits and had no notice of the hearing at all. A hearing upon the petition combined with a reargument upon the merits of plaintiff's appeal (should the original judgment be vacated) was held before me.

Were this an ordinary case concerning only private parties, I feel that the petition could properly be denied. Certainly, in view of the prior appearance for petitioner of counsel who actually did know of the hearing and who participated in it, with full presentation to the Court of the merits, such action would not be an abuse of discretion. However, rights created by an Act of Congress are at stake here, and that legislation (33 U.S.C.A. § 921a) specifically provides that:

"In any court proceedings * * * it shall be the duty of the district attorney of the United States in the judicial district in which the case is pending to appear as attorney or counsel on behalf of the Administrator or his deputy commissioner when either is a party to the case or interested, and to represent such commission or deputy in any court in which such case may be carried on appeal."

It has been pointed out that this provision "makes it clear that Congress intended not only that the Deputy Commissioner be made a party in review proceedings before the Court but that he be an active participant in such proceedings * * *." See Nicholson Transit Co. v. Bassett, D.C. 42 F. Supp. 990, 991. In view of this strong statutory policy, and the fact that judicial notice of the Clerk's records discloses that the government was not sent formal notice of the postponed hearing I feel that vacating the judgment is within the Court's discretion and failure to do so is "inconsistent with substantial justice."

The argument upon the petition was combined with a reargument on the merits to avoid possible delays. Therefore, the merits of claimant's appeal can be decided now, as well, upon the record as submitted in the first hearing. The original Order of the Deputy Commissioner rejected plaintiff's claim because the injury which incapacitated Kwasizur did not arise out of

and in the course of his employment. The Commissioner found as facts, inter alia, that the injury was not due to a fall while walking along the deck in the course of his employment, but was a result of attempted theft of a sailor's property. Claimant's argument on appeal is that these findings are not supported by substantial evidence, but are based on hearsay only, and, as such, are not "in accordance with law," and should be set aside.

The limited scope of review of the Deputy Commissioner's orders has recently been emphasized by the Supreme Court. In Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 477, 67 S.Ct. 801, 806, it said:

"In determining whether a particular injury arose out of and in the course of employment, the Deputy Commissioner must necessarily draw an inference from what he has found to be the basic facts. * * * If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable. * * * Even if such an inference be considered more legal than factual in nature, the reviewing court's function is exhausted when it becomes evident that the Deputy Commissioner's choice has substantial roots in the evidence and is not forbidden by the law. Such is the result of the statutory provision permitting the suspension or setting aside of compensation orders only 'if not in accordance with law.' "

I feel that under that standard the Commissioner's inference must be sustained. Whether judicially inadmissible testimony alone could amount to "substantial roots in the evidence" is an interesting question but need not be decided here. Cf. Sada v. Industrial Accident Commission, 11 Cal. 2d 263, 78 P.2d 1127; Monograph 8 of Attorney General's Committee on Administrative Procedure at p. 28. There is direct evidence that Kwasizur had been accused of stealing before he was found unconscious on the deck, that he had been seen going through the crew's quarters, and that when he was found on deck there was an open knife lying alongside of him. I feel that this is a sufficient "residuum of legal evidence" to support the Commissioner's inference. See Altschuller v. Bressler, 289 N.Y. 463, 469, 46 N.E.2d 886, noted in 42 Michigan Law Review 154.

It is true, of course, that Section 20 of the Longshoremen's and Harbor Workers' Act places a "heavy burden" upon an employer attempting to prove that an injury did not arise out of or in the course of employment. See Marra Bros. v. Cardillo, 3 Cir., 154 F.2d 357, 359. But it was pointed out in that case that "The findings and conclusions of the Deputy Commissioner must be deemed to be conclusive if there is any evidence to support them." Where, in effect, the Commissioner has found that the employer has met that burden, I do not think his determination should be lightly set aside. Accordingly, therefore, on the facts of the instant case, I shall vacate the previous judgment and deny plaintiff's application to set aside the order of the Deputy Commissioner. An order will be entered in accordance with this opinion.