In the Matter of the Claim of GERTRUDE V. KORZENIEWSKI, Respondent, against DUNKIRK RADIATOR CORP. et al., Appellants.   WORKMEN'S COMPENSA-TION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs.   Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.   [See *ante,* p. 861.]

In the Matter of the Claim of HARRY A. LA BURT, Director of Creedmoor State Hospital, on Behalf of LORENE TILLOTSON, an Incompetent, Respondent, against ANKARA PERFUMES et al., Appellants.   WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs.   Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See *ante,* p. 866.]

In the Matter of the Claim of ANNA BRADY, Respondent, against BEHR-MANNING CORPORATION et al., Appellants.   WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award for death benefits to the widow and children of the employee.   The board found that the injuries were received by the employee in the course of the employment and arose out of it.   The evidence sustains the finding.   Award affirmed, with costs to the Workmen's Compensation Board.   Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Brewster, J., dissents, in the following memorandum: I dissent and vote for a reversal of the award upon the ground that the declarations of the deceased employee concern-ing the accident are uncorroborated " by circumstances or other evidence ". (Workmen's Compensation Law, § 118.)   The vital and elusive fact in issue was as to the happening of the accident.   I do not understand the fact of deceased's sudden affliction with a hernia condition to be corroborative of his declaration as to the experience of an accident.   It is common knowledge that a hernia con-dition may come about from other causes than stress or strain accidentally induced.   Evidence or circumstances which merely frame the possibility that the reported accident could have occurred does not, to my mind, corroborate hearsay proof of its occurrence.   The possibility or plausibility of the truth of the reported declarations, in and of themselves, I do not regard as a circumstance which is permitted to corroborate the essential fact thus evidenced.   Contra would be to permit the hearsay proof to be self-corroborative.   In *Matter of Altschuller* v. *Bressler* (289 N. Y. 463, 470) the circumstance of there being no substantial testimony against the hearsay proof of accident was pointed out.   In the instant case there is no such circumstance because there was substantial testimony against the happening of the accident.

In the Matter of the Claim of BENJAMIN F. TARTER, Respondent, against PULLMAN COMPANY, Appellant.   WORKMEN'S COMPENSATION BOARD, Respond-ent.— Motion for reargument denied.   Motion for leave to appeal to the Court