## TATUM v. CARDILLO.

United States District Court
S. D. New York.
Sept. 15, 1951.

S. Leighton Frooks, New York City, for plaintiff.

Joseph D. Edwards, New York City, for intervenors.

Irving H. Saypol, U. S. Atty., New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The movants, McWilliams Dredging Company, employer, and the Hartford Accident & Indemnity Company, insurer, seek permission to intervene in this action and to assert defenses in their proposed answer.

The application is made under Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides in part:

"Rule 24. Intervention

"(a) Intervention of Right. * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or * * *."

The movants assert that intervention here is a matter of right since this action represents a review of an order made by the deputy commissioner of the Second Compensation District, Bureau of Employees' Compensation, in which he rejected the compensation claim of Gwendolyn Tatum, widow of Carl H. Tatum, deceased. The employer urges that, until the deputy commissioner ruled in its favor, it was liable for compensation under the provisions of the Defense Bases Compensation Act, Public Law No. 208, 77th Congress, 42 U.S.C.A. § 1651 et seq., and that the Hartford Accident & Indemnity Company, as insurer of the employer, would have been liable for any award made against the employer.

The employer and insurer state that were this Court to award judgment in favor of the plaintiff in this case and hold that the deputy commissioner erred and that compensation was due the claimant, they would be liable for any future payments or award.

Contrary, the plaintiff argues that her action is statutory and that she has strictly complied with its provisions, Title 33 U.S. C.A. § 921. The statute in part reads:

"§ 921. Review of compensation orders.

\* \* \* \* \* \*

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order * * *."

Further: "(d) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this chapter. * * *"

I do not construe this statute as creating a prohibition against intervention on the part of the employer and insurer who would be adversely affected were judgment to be rendered in favor of the plaintiff in the instant action. The statute merely establishes a requirement as to the necessary and indispensable party in an action to suspend or set aside a compensation order. It quite properly provides that the deputy commissioner who made the order must be a party defendant since the remedy provided by the statute is one to suspend or set aside his order. I do not believe that it was ever intended that this requirement should operate to vitiate the provisions of Rule 24 in the proper case. The statute does not provide that the deputy commissioner shall be the *only* party defendant. It merely makes him an indispensable party.

A careful examination of the papers in opposition reveals that plaintiff does not question the movants' contention that they will be adversely affected by a judgment

in this action. Plaintiff restricts herself to the assertion that it was the intent of Congress in enacting Section 921 to exclude all parties other than the deputy commissioner who made the order.

While no case has been cited, which discusses the very point here involved, I have found reported cases where actions like the instant one were commenced not only against the deputy commissioner but the employers and insurance carriers, without any assertions that the employers or insurance carriers were improper parties. See Kwasizur v. Cardillo, 3 Cir., 1949, 175 F.2d 235; certiorari denied 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540. (Opinion of District Court reported 77 F.Supp. 107). See also Nicholson Transit Co. et al. v. Bassett, et al., D.C.N.D.Ill.1941, 42 F.Supp. 990.

It is established law that Rule 24 should be construed liberally. Twentieth Century Fox Film Corporation v. Jenkins, D.C.S.D.N.Y.1947, 7 F.R.D. 197; see also U. S. v. C. M. Lane Lifeboat Company, D.C.S.D.N.Y.1938, 25 F.Supp. 410.

The plaintiff fails to distinguish between a necessary and indispensable party and a proper but not indispensable party. Therein lies her confusion.

Motion to intervene granted. Settle order.