218 F.2d 752
 Darnell RILEY et al., Minors, represented by their mother, Carrie Mae Riley, Individually, etc., Appellants,
v.
Joseph H. HENDERSON, Deputy Commissioner, Seventh Compensation District, United States Employee Compensation Commission et al., Appellees.
 No. 15099.
 United States Court of Appeals, Fifth Circuit.
 February 2, 1955.
 
 Adrian G. Duplantier, New Orleans, La., for appellants.
 Prim B. Smith, Jr., Asst. U. S. Atty., St. Clair Adams, Jr., New Orleans, La., George R. Blue, U. S. Atty., Washington, D. C. (Stuart Rothman, Sol. of Labor, Ward E. Boote, Asst. Sol., Herbert P. Miller, Atty., U. S. Dept. of Labor, Washington, D. C., of counsel), for appellees.
 Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.
 TUTTLE, Circuit Judge.
 
 
 1
 This proceeding was instituted by appellants, the widow and five minor children of Stanford Riley, to review and set aside an order of the Deputy Commissioner, United States Employees' Compensation Commission, holding that Riley's death did not arise out of and in the course of his employment, and denying their claim for death benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950, such proceeding being authorized by 33 U.S.C.A. § 921(b). The district court refused a trial de novo and dismissed the proceeding, and this appeal was taken on the grounds, first, that the trial court erred in not reversing the compensation order since it was not based on any substantial evidence, and second, that a trial de novo should have been granted on the sole issue before the Deputy Commissioner, whether Riley's death arose out of and in the course of his employment.
 
 
 2
 These facts were undisputed: During the evening of August 14, 1951, and the early morning of the next day, Riley was working as a longshoreman for Atlantic & Gulf Stevedores, Inc., helping unload two barges moored to the offshore side of the S. S. Helenic Wave, at the Cotton Warehouse Dock in New Orleans. His body, dressed in work clothes, was found one-half mile downstream in the Mississippi River on August 17, death having been caused by drowning.
 
 
 3
 As to the time and manner of his falling into the river, there were no eyewitnesses. Two longshoremen, Vaughn and Brown, who with Riley were the last men to leave the barges the morning of August 15th, testified for the claimant that just after the foreman Ralph told Riley to quit work, they saw Riley walk past them on the barge, head down, apparently searching for something on the deck, dressed in the same work clothes as he was wearing when found in the river; and that shortly afterwards (about 3:40 A.M.) they heard a splash between the ship and the barge. They testified further that they ran to the side of the barge and searched and called for Riley without result, and that they told Ralph that they believed a man had fallen overboard. Two other longshoremen testified they heard Brown's report of the matter to Ralph.
 
 
 4
 The evidence for the employer and its insurer conflicted sharply with this testimony. Ralph said that no such conversation ever occurred between him and Brown, Vaughn, or anyone else; and Petersen, the employer's timekeeper, testified that he handed Riley his time card in the warehouse after Riley finished work, and not later than 3:40 A.M., at which time Riley was dressed in his street clothes, and last saw him walking through the warehouse towards an open door leading to the public streets.
 
 
 5
 Obviously not all the witnesses were entirely truthful, and the credibility of the witnesses on both sides was subjected to sharp attack. The deputy commissioner found the facts to be as Ralph and Petersen testified. We agree with the district court that their testimony constitutes substantial evidence that Riley's death did not arise out of and in the course of his employment, and that a determination whether there is substantial evidence is the proper scope of judicial review of this order, as both sides concede. 5 U.S.C.A. § 1009(e); 33 U.S.C.A. § 920(a); O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Southern Stevedoring Co., Inc., v. Voris, 5 Cir., 218 F.2d 250. It follows that the district court did not err in this regard.
 
 
 6
 Nor is there anything contrary to this decision in the cases cited by appellants. In Marra Bros. v. Cardillo, 3 Cir., 154 F.2d 357, the deputy commissioner had found a longshoreman's death compensable where he was found dead on a ship near Trinidad under circumstances suggesting he was murdered, though there were no witnesses of the death and though he was last seen boarding the ship in Philadelphia in the course of his employment. The court refused to enjoin the order, holding that the presumption created by 33 U.S.C.A. § 920(a), that in the absence of substantial evidence to the contrary, the claim comes within the Act, justified the inference that death occurred in the navigable waters of the United States and in the course of employment. The court considered it significant that the deceased never checked out with the timekeeper. The obvious differences between that case and the present one are first, that the deputy commissioner here found in the employer's favor and claimants seek to reverse, not affirm his findings, and second, that here there was substantial evidence that the deceased had checked out, causing the presumption to fall out of the case, and furnishing a proper basis for the decision that the death did not arise out of and in the course of the employment.
 
 
 7
 In Salmon Bay Sand & Gravel Co. v. Marshall, 9 Cir., 93 F.2d 1, a worker aboard a gravel scow disappeared on a voyage in Puget Sound and his body was never found. It was held that an order granting his wife death benefits was proper, the deputy commissioner's finding that the husband was dead being held to be supported by sufficient evidence. The issue in this case, then, was whether the deputy commissioner's findings should be accorded finality where the only circumstances proved were consistent with the inference that the husband was still alive, and it was held that they should be. If this case has any bearing on the present one, it supports our conclusion rather than weaken it. There was evidence in the Salmon Bay case that the deceased went aboard the scow and none that he came ashore alive again, permitting an inference that he was dead;[1] here, there was no question as to death, and the inference that death did not occur in the course of employment was properly based on the evidence that Riley went ashore and left the job alive, if the deputy commissioner believed that evidence.
 
 
 8
 Fidelity & Casualty Co. of New York v. Burris, 61 App.D.C. 228, 59 F.2d 1042, was a case in which the deceased died on a construction job of sunstroke. In reversing an order denying compensation, the court held that the death arose out of and in the course of the employment under these undisputed facts. The court also said that where there is doubt, it should be resolved in favor of the claimant; but this language necessarily related to doubt as to the construction of the statute, not to doubt as to the facts.
 
 
 9
 Appellants further assert that they are entitled to a trial de novo of the question whether Riley's death arose out of and in the course of his employment, under Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. We are convinced that this question does not go to the power of the deputy commissioner to adjudicate concerning the subject matter, but goes rather to the merits of the controversy; that it is not jurisdictional, but substantive. Hence, the Crowell case does not apply here. The trial court properly denied a trial de novo. It is unnecessary to consider appellees' contention that the rule of that case is of doubtful validity in the light of more recent Supreme Court cases.
 
 The judgment is
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Whether this is now the law in this Circuit is doubtful. See Southern Stevedoring Co., Inc., v. Voris, 5 Cir., 218 F.2d 250