Appeal by the employer and its carrier from a decision and award of the Workmen’s Compensation Board, awarding compensation for disability in the nature of a detachment of the retina of the left eye. The claimant was employed as a demonstrator of cosmetics. On May 2, 1955 in the course of her employment, she was engaged in filing false finger nails, which she claims created dust. That the inhaling of the dust caused her to sneeze violently, after which she felt a pain “ like a shot through my head and * * * left eye”. She stated she saw stars, like an explosion. Her supervisor admitted that she was told by claimant, on the day of the alleged accident, that her eye hurt her and she had blurred vision in the eye. Claimant also told her that the light she was working under, might be the trouble, and the supervisor arranged a different light. Although her eye continued to bother her, claimant worked until May 6, 1955 at which time she sought medical advice, and discovered, that she was suffering from a detached retina in the left eye, which was operated and repaired. Employer’s supervisor testified that the claimant did not relate to her the sneezing episode. Claimant admitted on cross-examination that she did not tell Mr. Parker, the buyer at the establishment about the sneezing episode, explaining that she did not think it had any bearing until the doctors questioned her about it later. The question of the credibility of the witnesses involved an issue of fact which has been resob'ed in favor of the claimant. Under the provisions of section 20 of the Workmen’s Compensation Law the board’s determination of all questions of fact is final (Matter of Altschuller v. Bressler, 289 N. Y. 463). As was stated in the recent ease of Matter of Kravitz v. Gates Knitting Mill (5 A D 2d 723) : “The questions sought to be raised by appellants are chiefly questions of credibility, upon which the decision of the board is conclusive ”. In our opinion there was substantial evidence upon which the board could have found an accidental injury. On the question of causal relationship between the detachment of the retina and the accidental injury, the usual conflict between specialists arose. Claimant’s specialist, Dr. Boyes testified definitely to causal relationship, between the sneezing episode and the detachment of the retina, but was of the opinion that there had to be pre-existing pathology in the eye. In his opinion, this pre-existing pathology was cystic degeneration, which he stated he could not see because of the large area of detachment. If there was any doubt of pre-existing pathology, this was removed by the employer’s expert Dr. Jack Lisman, who testified that the hospital record showed that the retina was thinned out above, in the area which was not detached, and this indicated that the retina had disease and that the disease was cystic degeneration. The board has found causal relationship after weighing the testimony *1037 of these experts on substantial evidence in our opinion. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.