In the Matter of the Claim of LOUISE MATHIEZ, Respondent, against CHARLES R. MEYER, Doing Business as C. R. M. ELECTRIC COMPANY, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and his insurance carrier from a decision and award, allowing death benefits to the widow of a deceased employee. The attorney for the widow also appeals from a decision of the board setting his fee at $300, claiming that the fee was not adequate for the legal services he performed in the case. The decedent was employed as an electrician and was working in a stable at Belmont Park, Belmont, New York, installing electrical equipment on January 22, 1954 when he suffered a heart attack and died. He had a pre-existing heart condition, having had an attack in 1947 in the nature of a posterior wall infarct, involving the myocardium of the left ventricle. The autopsy revealed that the cause of death on January 22, 1954 was acute cardiac failure, secondary to occlusive coronary arteriosclerosis. A contributing cause was listed as on old infarct of the myocardium of the left ventricle. The board found that the decedent was engaged in the regular course of his employment and while engaged in the installation of wall receptacles, which included lifting and bending heavy pipe, and due to the unusual strain and exertion and working under unfavorable conditions in a cold unheated barn with heavy dust in the air, decedent sustained accidental injuries in the nature of a strain and aggravation of a pre-existing heart condition, and extension of his cardiac reserve which precipitated an attack of acute left ventricular failure and a coronary occlusion as a result of which he died the same day. The arduous nature of the work and the weight of the pipe bent was disputed by the employer, but it is undisputed that the decedent did all of the bending of the pipe; at least six or seven times that morning, before his collapse around noon; and the strain of bending this pipe whether its weight was 10 pounds or 30 pounds, by the average man, would be regarded as strenuous and thus as an accidental injury. (*Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34; *Matter of Broderick* v. *Liebmann Breweries,* 277 App. Div. 422.) We feel that there was a substantial basis for the findings of the board that an accidental injury occurred. Certainly we may not say as a a matter of law that such is not the case. On the medical proof of causal relationship, one doctor was sworn on each side. Neither doctor had treated or had seen the deceased. Dr. De Graff, for the carrier, testified in answer to a hypothetical question propounded by appellant's counsel, that in his opinion there was no causal relationship. He based his opinion on the fact that there was a pre-existing heart condition and that there was no unusual strain. He based his opinion not on the fact that the work was strenuous on this morning as was found by the board, but that it was not unusual. In contrast Dr. Schaye a diplomate of the American Board of Internal Medicine, testified without reservation in support of causal connection. " Q. What is your opinion? A. My opinion is the circumstances of January 22 contributed to this man's death. I should say that the exertion he expended on that day, under the conditions existing that day, extended his cardiac reserve and precipitated an attack of acute left ventricular failure." Dr. Schaye was recalled after communication of the autopsy report, to testify anew, because his original opinion was based upon a history of a second acute coronary thrombosis. The modification of the testimony did not change Dr. Schaye's opinion in support of causal relationship, as shown in the above quotation from the record. It was sought to bring this case within the limitations of *Burris* v. *Lewis* (2 N Y 2d 323, 326) ; however, it is dissimilar in that in this case there was arduous physical work, viz. the bending of the pipe, which entailed exertion greater than " the ordinary wear and tear of life," and further we have in this case an acute cardiac failure precipitated by the strain of the morning's work, resulting in a collapse

about noon, whereas in the *Burris* case, there was no evidence of "recent heart injury". The dispute between the two doctors on the issue of causal relationship presented a question of fact, which the board resolved in favor of the claimant. Under the provisions of section 20 of the Workmen's Compensation Law, the board's finding is conclusive. (*Matter of Altschuller* v. *Bressler*, 289 N. Y. 463.) On the facts in this case we believe the findings were based upon substantial evidence, from which the board could find that the decedent's death was causally related to and was the result of an industrial accident. The board in its discretion, determined that the fee of Abraham Markoff the attorney for the claimant, should be the amount of $300, and that this sum was adequate and proper. While we might feel that it was low, the determination was not so shocking that we may say as a matter of law, that the board's determination as to the fee herein, was arbitrary, capricious or unreasonable. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board, as against the employer and carrier but without costs in the appeal of Abraham Markoff. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.