# (June 13, 1972)

■ In the Matter of FREDERICK D. ABSTON, Appellant, v. SAMUEL P. TOLISANO et al., Respondents.— Order, Supreme Court, Bronx County, entered on June 10, 1972, denying application to validate petitioner's designating petition as a Democratic candidate for Member of the Assembly for the 79th Assembly District, Bronx County, unanimously affirmed, without costs and without disbursements. The designating petition was not presented to this court, but on the argued tabulation there would still be an insufficiency of valid signatures to the petition, even if we were able to agree with appellant. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.

■ In the Matter of ROSE DIAMOND et al., Appellants, v. WILLIAM S. LARKIN et al., Respondents. In the Matter of IRVING WIENER et al., Appellants, v. WILLIAM S. LARKIN et al., Respondents.— Orders, Supreme Court, Bronx County, entered on June 5, 1972, denying petitioners' motions to validate designating petitions for the party position of county committeemen in the 80th and 85th Assembly Districts, Bronx County, in the Liberal Party primaries to be held on June 20, 1972, unanimously reversed, on the law and on the facts, without costs and without disbursements, the petitions granted, the determinations of the Board of Elections reversed and the petitions validated. In the absence of any claim of fraud, it clearly appearing that the printing error was not designed to and could not mislead the party voters, the Board of Elections erred in invalidating the petitions. In any event, if either objectant had standing to contest the petitions, the validity of his objection would be limited to the election district in which the objectant resided or from which he was a candidate. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.

■ In the Matter of JOHN L. ROSS, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority, dated November 17, 1971, suspending petitioner's solicitor's permit for a period of 35 days (suspension deferred) and imposing a $500 bond claim, unanimously annulled, on the law, without costs and without disbursements. The statement of the owner of the retail license was completely repudiated by him at the hearing before the State Liquor Authority and his testimony at that hearing that petitioner did not offer him free goods and that he never received any from petitioner, is otherwise unrefuted. The prior contradictory statement could be received for the purpose of impeachment only and not as a substitute for the oral testimony given at the hearing by the same person. "As hearsay, such statements, standing alone, lack competency and sufficient probative force to sustain material findings or a determination required to be supported by substantial evidence. [Citing authorities.] Moreover, hearsay evidence may not be used by an administrative tribunal or officer in such a manner as to deprive a party of the right to a fair hearing where that right is guaranteed by law. Such right would be illusory if the administrative tribunal or officer could ground its determination on investigatory data and hearsay evidence." (*Matter of Erdman* v. *Ingraham*, 28 A D 2d 5, 7–8; see, also, *Matter of Altschuller* v. *Bressler*, 289 N. Y. 463.) Concur — Stevens, P. J., McGivern, Murphy, Steuer and Capozzoli, JJ.